[No. 18414.   In Bank.—March 21, 1895.]

IN THE MATTER OF THE ESTATE OF SAMUEL W. EVANS, DECEASED.

ADOPTION OF CHILD—IRREGULARITIES IN PROCEEDINGS—DEATH OF ADOPT-ING PARENT.—After adoption papers have been executed before the judge, and the adopted child has lived with the adopting father many years, down to the day of his death, it requires more than mere irregularities to brush aside and annul the relationship so entered into.

ID.—FORM OF JUDGE'S ORDER—OBJECT OF STATUTE.—The statute lays down no rules by which the form of the judge's order declaring the child to be the child of the person adopting shall be measured and its sufficiency tested; but the real purpose of the statute requiring the parties to come before the judge is to enable him either to ratify or reject the contract of adoption, as seems best to him, in the interest of the child.

APPEAL from a judgment and decree of distribution of the Superior Court of Tulare County distributing the estate of a deceased person, and from an order denying a new trial.

The facts are stated in the opinion of the court.

Lamberson & Middlecoff, for Appellants.

There was no valid adoption of the respondent, as there was no order of the judge declaring the child to be the child of the adopting person. (Civ. Code, sec. 227.) The court cannot disregard the requirements of section 227 of the Civil Code any more than any other section. (Estate of Wardell, 57 Cal. 491; In re Newman, 75 Cal. 218; 7 Am. St. Rep. 146; In re Jessup, 81 Cal. 408; In re Stevens, 83 Cal. 322; 17 Am. St. Rep. 252.)

The court cannot hold as immaterial matters which the statute requires. (*Ex parte Chambers*, 80 Cal. 216; *Hildebrand* v. *Stewart*, 41 Cal. 387; *Woods* v. *Sawtelle*, 46 Cal. 389; *Botsford* v. *Howell*, 52 Cal. 158; *McCoy* v. *Byrd*, 65 Cal. 92; *In re Ingram*, 78 Cal. 586; 12 Am. St. Rep. 80.) An order of a court or judge must be in writing. (Code Civ. Proc., secs. 1003, 1004; Hayne on New Trial and Appeal, sec. 187; *Campbell* v *Jones*, 41 Cal. 518; *Shumway* v. *Leakey*, 73 Cal. 260; *Connolly* v. *Ashworth*, 98 Cal. 205; *Broder* v. *Conklin*, 98 Cal. 360.) If the order was not sufficient to complete the adoption when made, no conduct of the deceased afterward could complete the adoption, or enable the respondent to take advantage of the law of estoppel. (*Ex parte Clark*, 87 Cal. 640; Bigelow on Estoppel, 4th ed., pp. 445, 552–54; 7 Am. & Eng. Ency. of Law, 12; *McCormick* v. *Orient Ins. Co.*, 86 Cal. 263.)

*W. B. Wallace*, for Respondent.

Appellants are estopped from claiming that the adoption law was not complied with, or that a sufficient order of adoption was not made. (*Estate of Johnson*, 98 Cal. 531; *Estate of Williams*, 102 Cal. 70; 41 Am. St. Rep. 163; *Abney* v. *De Loach*, 84 Ala. 393; *People* v. *Blodel*, 4 N. Y. Supp. 110; *Potter* v. *Green*, 39 Hun, 72; *People* v. *Weissenbach*, 60 N. Y. 385; *Nugent* v. *Powell* (Wyo., May 19, 1893), 33 Pac. Rep. 23; *Seawall* v. *Roberts*, 115 Mass. 277; Van Fleet on Collateral Attack, secs. 407, 860; Civ. Code, sec. 3516.)

*E. O. Larkins*, for the Administratrix *et als.*

GAROUTTE, J.—Upon the hearing of the petition for the distribution of the estate of Samuel W. Evans, deceased, a contest arose as to the right of Hattie Evans to inherit as a child of said deceased. Her status as such child is dependent upon the validity of certain adoption papers, she claiming to be the adopted child of deceased by virtue of these papers. The trial court declared her

legally adopted, and entitled to a child's share of the estate, and this appeal is prosecuted from such decree.

As appears by the findings of fact, when Hattie Brown was about nine years of age, she became an orphan, and was taken to the household of Samuel W. Evans and wife; that within a few months thereafter said Evans and his wife Ellen, in company with said Hattie, all being residents of Tulare county, came before the judge of the superior court of said county, at the courtroom thereof, and thereupon said Evans executed an agreement of adoption in the following words:

" I, Samuel Evans, of Tulare county, state of California, of the age of forty-one years, a married man, and the husband of Ellen M. Evans, have agreed, and by these presents do agree to adopt, and do adopt, the minor child, Hattie Brown, who is of the age of ten years past, and the child of Charles Brown and —— Brown, both of whom are now dead; and I hereby further agree to treat the said minor child, Hattie Brown, in all respects as my own lawful child should be treated. ·

" Given under my hand, this 16th day of January, A. D. 1882."

The findings further state that upon the aforesaid agreement of adoption Ellen M. Evans, the wife of Samuel W. Evans, attached her written consent to the adoption of said Hattie; that the judge examined said Evans and his said wife Ellen, and became satisfied that it would be for the best interests of the child that adoption should be declared, and thereupon indorsed upon the agreement of adoption the following order:

" COUNTY OF TULARE—ss.

" The hereto attached agreement of Samuel Evans, adopting the minor child Hattie Brown, aged about nine years, whose parents are both dead, is hereby approved by me, and ordered filed with the county clerk of said Tulare county, state of California.

" WILLIAM W. CROSS,

" Superior Judge.

" Dated January 16, 1882."

It further appears that this agreement was filed in the county clerk's office, and that said Hattie assumed the name of Evans, and thereupon lived with the said Samuel Evans as his child for ten years, and until the date of his death.

In the recent cases of *In re Johnson*, 98 Cal. 531, and *In re Williams*, 102 Cal. 70, 41 Am. St. Rep. 163, it may be said that the entire law bearing upon the question of the adoption of minors has been reviewed, and the principles governing this branch of the law lucidly and forcibly stated. For these reasons we are not disposed to again enter into a discussion of the general principles bearing upon this class of cases, and upon an examination of appellant's record we see nothing to impress us with the contention that the adoption papers here shown are void. Various irregularities in the proceedings are urged, but, after these papers were executed before the judge, and this man and this child lived together as father and daughter for ten years and down to the day of his death, it requires more than mere irregularities to brush aside and annul a relationship entered into with all honesty of purpose, lived up to for many years and only severed by the hand of death.

Section 227 of the Civil Code provides: "The judge must examine all persons appearing before him pursuant to the last section, each separately, and, if satisfied that the interests of the child will be promoted by the adoption, he must make an order declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting"; and it is now claimed that no compliance has been had with the provisions of this section in this: that no order was made by the judge declaring the child to be the child of the person adopting. We think the order indorsed by the judge upon the agreement of adoption fully satisfies this provision of the law, and in effect does exactly what is contemplated by the provision. The statute lays down no rules by which the form of the judge's order shall be measured and its sufficiency

tested. The real purpose of the statute in requiring the parties to come before the judge is to enable him either to ratify or reject the contract of adoption, as seems best to him, in the interest of the child; and such was the course pursued in the present case.

. For these reasons we conclude that the order indorsed upon the contract of adoption by the judge was a sufficient compliance with section 227 of the code.

The order appealed from is affirmed.

McFarland, J., Van Fleet, J., and Beatty, C. J., concurred.

Harrison, J., dissented.