Strafford, }
Oct. 7, 1902. }

WILSON, *Adm'r, & a.* v. OTIS *& a.*

Where it appears upon competent evidence that a court having jurisdiction of the subject-matter has determined the issue presented, the parties are concluded thereby in a collateral proceeding, whether the judgment has been entered up in technical form or not.

The exercise of judicial functions may be proved by an imperfect record which requires clerical work to complete it.

The fact that documents were taken from the files of a court and afterward returned does not invalidate their character as public records.

A decree of adoption is not invalid because it does not recite, nor the petition allege, an assent by the parents or facts excusing their assent.

Where a petition asks for relief which the court has power to grant, and a decree is made, it will be presumed, in collateral proceedings, that all incidental questions were duly considered.

' PROBATE APPEAL, from the decree of distribution of the estate of George W. Otis. Trial at the September term, 1901, of the superior court, before *Wallace*, C. J.

In the probate decree the defendants, who are brothers and sisters of the intestate, were recognized as his heirs, and as such entitled to the entire estate, subject to the widow's rights therein. The appeal was taken by Wilson, administrator, the widow, and Arthur H. Edgerly or Otis, who claims to be the adopted son of the intestate, and who, if legally adopted, is the only heir, and with the widow is entitled to the entire estate. Arthur is the son of William A. and Sarah F. Edgerly, and the legality of his adoption depends upon the effect to be given to the record of the probate court in relation thereto. The petition to the probate court was dated January 14, 1882, was signed by Otis and his wife, and

alleged that "Arthur H. Edgerly, of Wolfeborough, in the county of Carroll in said state, is the child of William A. Edgerly and Sarah F. Edgerly his wife, and a minor nine years of age; that they desire to adopt said child, as their own; that they are of sufficient ability to bring up said child and furnish suitable nurture and education, having reference to the degree and condition of its parents; that the father of said child has consented in writing to such adoption; the mother, Sarah F. Edgerly, having been divorced from her said husband, William A. Edgerly, at a term of the supreme court holden at Ossipee within and for said county of Carroll, on the third Tuesday of October, 1881, and that in her said petition for divorce no prayer was inserted for the care, custody, or control of said Arthur H. Edgerly." The consent of the child's father to the adoption was indorsed upon the petition.

At Rochester, on January 17, 1882, the probate court made the following decree of adoption :

"STATE OF NEW HAMPSHIRE.

"Strafford, ss.   At a court of probate held at Rochester in said county on the seventeenth day of January, A. D. 1882 : On the petition of George W. Otis and Addie F. Otis, both of Farmington in said county, praying for leave to adopt as their own child Arthur H. Edgerly, of Wolfeborough, in our county of Carroll, the child of William A. Edgerly and Sarah F. Edgerly, and that a decree to that effect may be made, it appearing to the court that said Arthur H. Edgerly is the child of said William A. Edgerly and Sarah F. Edgerly and is under fourteen years of age, and that said                                                    the parents of said child, having consented in writing to such adoption, and the court being satisfied of the identity and relations of the persons, and that the petitioners are of sufficient ability to bring up said child, and furnish suitable nurture and education, having reference to the degree and condition of its parents, and that it is fit and proper that such adoption should take effect :

"It is therefore decreed that the said have leave to adopt said child as    h    own child, and that the name of said child be changed to            and it is hereby ordered, that from the date hereof, said child shall, to all legal intents and purposes, be the child of the said                            and shall hereafter have the name of

"J. D. YOUNG, *Judge of Probate.*"

The record entry is as follows :

> " Jan. 17, 1882.    Probate Court.
> " Docket at Rochester.                              5393.
> " Arthur H. Edgerly,                          Wolfeboro'.
> " Pet. of George W. Otis and Addie F. Otis for leave to adopt."

No other record of the adoption appeared on the probate records, nor was the petition, or decree, or any other papers in reference to the matter filed in the probate office.

About January 1, 1882, the boy, who was then about nine years old, went to live with Mr. and Mrs. Otis, taking the name of Arthur E. Otis, and bearing the same until after the death of Mr. Otis, when, the legality of his adoption being questioned, he resumed the name of Arthur H. Edgerly. They treated him as their adopted son, supporting and educating him, and they believed him to be such as long as Mr. Otis lived. The boy treated them as his adopted parents, and believed them to be such, up to the time of Mr. Otis' death in 1897. At that time it was discovered that the petition and decree of adoption were not on file in the probate office. They were afterward found in a lawyer's office in Rochester, where they had been for many years, and were thereupon returned to the files. The question of the legality of the adoption was transferred.

*Leslie P. Snow*, for the plaintiffs.

*James A. Edgerly*, for the defendants.

WALKER, J. Whether the administrator is a necessary party does not seem to be of importance in this case, and is not considered, since the widow and Arthur H. Edgerly or Otis on the one side, and the next of kin to the deceased on the other, are proper parties having a direct pecuniary interest in the distribution of the estate.

The question raised by the case is whether the defendants are entitled to inherit a part of the estate ; and this depends upon the question whether Arthur was legally adopted by the deceased. If he was legally adopted, it is conceded that he would inherit the estate subject to the widow's rights and to the exclusion of the defendants. G. L., c. 188, s. 4. Their contention is that there was no valid judgment or decree of adoption by the probate court, in which the deceased entered a petition for that purpose. It is found as a fact, that upon that petition the judge of probate did judicially what the imperfect document signed by him, upon a

reasonable construction thereof, shows he did. If upon competent evidence it appears that the court, having jurisdiction of the subject-matter, determined the issue or point presented by the petition, the parties are concluded thereby. Whether the judgment was actually entered up in the technical form of a decree, is not material in this collateral proceeding. *Nihan* v. *Knight,* 56 N. H. 167.

Did the court grant the prayer of the petition? It appears from the record that the court, presumably upon competent evidence, found certain facts which were essential to a decree of adoption. G. L., *c.* 188, *s.* 3. These facts are expressly recited in the signed document, which, taken in connection with the petition, indicate with much force that the judge understood that he had decided the question of adoption, and that nothing remained to be done except to enter up a formal decree. The signing of the blank form of a decree of adoption as a part of the record would be inconsistent with a judgment denying the prayer of the petition, and would not indicate that the court was in doubt as to what the final order should be. Nor is it reasonable to infer that the judge did not attach any importance to this document — that he regarded it as a waste piece of paper. Having some significance, it must be deemed to indicate the judge's finding upon the petition in favor of adoption. As he had made specific findings of fact relating to the merits of the action and signed a blank decree, the work of filling up the blanks was merely clerical, requiring the exercise of no judicial function. If he had entered a minute on the docket to the effect that "the petition is granted," that would have been conclusive evidence, in a collateral proceeding, of the judicial act of rendering judgment in accordance with the prayer of the petition (*State* v. *Narcarm,* 69 N. H. 237; *State* v. *Cox,* 69 N. H. 246; *Matthews* v. *Houghton,* 11 Me. 377; *Felter* v. *Mulliner,* 2 Johns. 181; *Fish* v. *Emerson,* 44 N. Y. 376, 378; *Swain* v. *Gilder,* 61 Miss. 667, 671; *Overall* v. *Pero,* 7 Mich. 315; *Lynch* v. *Kelly,* 41 Cal. 232, 233); but such evidence would be no more convincing than the evidence furnished by the record in this case. Upon a reasonable construction of the record, the fact that a judgment of adoption was rendered is not susceptible of serious doubt. Freem. Judg. (4th ed.), *s.* 45; *McDonald* v. *Frost,* 99 Mo. 44, 48.

The fact that the petition with the blank decree at some time after the hearing was taken from the files or from the possession of the judge, and was not returned for some years, did not have the effect of invalidating the previous action of the court. The record, having been restored, is as competent and conclusive evidence of the judgment as though it had remained on the files.

But it is insisted that the judge of probate had no jurisdiction to decide the question presented, or to render a judgment thereon, because it does not affirmatively appear in the record that the mother of the boy consented in writing to the adoption, as required by the statute. G. L., c. 188, s. 2. This fact, however, is not necessarily essential to the exercise of jurisdiction by the probate court. If the parent has abandoned the child for three years, his consent to adoption proceedings is rendered unnecessary by the statute. G. L., c. 188, s. 2. It is for the court, after having acquired jurisdiction by the filing of an appropriate petition, to decide in the first instance whether the parent has consented to a decree of adoption; if not, whether there is any valid excuse for his non-action, as death, insanity, or other disability; or whether he has so far abandoned his parental duties for three years as to render his consent unnecessary. These, with other preliminary questions that might be suggested, must be determined upon evidence and a hearing by the judge, after he has acquired jurisdiction of the general subject-matter of the petition. The filing of the petition and the appearance of proper parties gave him, under the statute (G. L., c. 189, s. 4), power to act judicially. *Horne* v. *Rochester*, 62 N. H. 347, 348, 349; *Spaulding* v. *Groton*, 68 N. H. 77, 78. The court was not asked to do what it had no judicial power to do under any circumstances. It became its duty to act upon the subject-matter presented, and to receive evidence upon all material questions suggested, among others upon the question of abandonment as an excuse for the failure of the mother to consent to a decree of adoption. *State* v. *Arlin*, 27 N. H. 116, 129. If its decision was erroneous upon this question, the error did not render the proceedings absolutely void (*State* v. *Richmond*, 26 N. H. 232; *White* v. *Landaff*, 35 N. H. 128, 130), so that they might be disregarded in a collateral suit. The error, if there was one, was correctible by appellate procedure, and does not prove a want of jurisdiction in the probate court. *Fowler* v. *Brooks*, 64 N. H. 423, 424; *Kimball* v. *Fisk*, 39 N. H. 110.

Nor does the absence in the petition of an allegation of abandonment, or of the mother's consent, affect the question of general jurisdiction. It is not necessary that the petition should contain a full statement of all facts essential to a decree. It might seriously fail in this respect, or be demurrable, and still state a case calling for and requiring the exercise of the judicial power of the court. The test has been said to be, not whether it states a perfect case, but whether the court has the power to grant the relief sought in a proper case. Van Fleet Col. At., s. 61. If upon a petition for adoption which omits these allegations the court finds the fact of abandonment, as well as other necessary facts, its de-

cree of adoption is valid. The judgment or decree necessarily implies a finding of all material facts not inconsistent with the record, one of which may be the fact of abandonment. In this case, as the finding of that fact is not inconsistent with other facts disclosed by the case or the record, it is included in the general finding in favor of adoption, and furnishes a valid excuse for the non-consent of the mother. *Erwin* v. *Lowry*, 7 How. 172 ; *Florentine* v. *Barton*, 2 Wall. 210, 216 ; *Thornton* v. *Baker*, 15 R. I. 553. The judgment of adoption, therefore, is not impeachable in this proceeding.

Whether the defendants claiming title under Otis, the original petitioner, are in a position to attack a decree granted in his favor and recognized by him as valid for many years, may not be a doubtful question (*State* v. *Weare*, 38 N. H. 314, 316) ; but it is unnecessary to decide it at this time. For reasons above suggested the defendants are not entitled to share in the estate under a decree of a distribution.

*Case discharged.*

All concurred.