—————————————————————————
Cubitt v. Cubitt.
—————————————————————————

—————————————

HARRY RALFORD CUBITT V. CATHERINE CUBITT, *as Administratrix, etc., et al.*

No. 14,717. (86 Pac. 475.)

SYLLABUS BY THE COURT.

1. RECORD—*Correction—Clerical Mistakes.* Mere clerical omissions and mistakes in the orders and judgments of a court of record may be corrected by the court at any time, when it is clearly apparent from the whole record in the case what the true entry should have been.

2. PARENT AND CHILD — *Adoption — Immaterial Error in the Order.* Where proceedings are had in the probate court for the adoption of an infant, and it clearly appears from the record of such proceedings that all interested parties were present in court, and that the court made an order that such

23—74 KAN.

infant be adopted, the mere fact that the name of the mother of the infant appears in the order of adoption where the name of the adopting parent should have been written is immaterial and will be disregarded, when it is clearly apparent from such record that the name was written there by an oversight and mistake and that the name of the adopting parent was intended.

3. ———— *Avoidance of the Order by Heirs of the Adopting Parent.* Where an order of adoption is made by a probate court at the request of the adopting parent, and such order is acted upon by all parties as valid, and the adopting parent takes and keeps the custody and control of the adopted infant and treats him as his own child for several years, and then dies, the surviving heirs and legal representatives of such deceased adopting parent cannot avoid the legal effect of the adoption proceedings for any mere irregularities or clerical mistakes.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed July 6, 1906. Reversed.

*George W. Freerks, M. C. Freerks,* and *C. W. Fairchild,* for plaintiff in error.

*George L. Hay,* and *John McKenna,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This is a suit for partition. George Cubitt died while the owner of the property in controversy. The plaintiff in error claims to be the heir at law of George Cubitt by adoption. The defendants in error deny the validity of the adoption. This presents the sole controversy in the case. The adoption proceedings were had under sections 4186, 4187 and 4188 of the General Statutes of 1901, which, so far as applicable to the points in dispute, read:

"Any parent may, with the approval of the probate judge of the county where such parent may reside, first obtained in open court, relinquish all right to his or her minor child or children to any other person or persons desirous of adopting the same, and shall not thereafter exercise any control whatever over such

child or children so relinquished; and the person or persons so receiving into his, her or their charge such child or children shall exercise all the rights over the same that they would be entitled to were such child or children the legitimate offspring of said person or persons so receiving them.

"Any person may appear in the probate court of the proper county and offer to adopt any minor child or children as his or her own, provided such minor and his or her parents, if living and in the state, or guardian, if any, appear before such court and consent to such adoption; and if the probate court is satisfied that such consent is free and voluntary, the said court shall make its proceedings of record in the said probate court, declaring such minor child or children the child and heir of such person so adopting such minor; and then and thereafter such person so adopting such minor shall be entitled to exercise any and all the rights of a parent, and be subject to all the liabilities incident to that relation."

"Minor children adopted as aforesaid shall assume the surname of the person by whom they are adopted, and shall be entitled to the same rights of person and property as children or heirs at law of the person thus adopting them."

The parents of the plaintiff resided in the state of Iowa, and separated there. The mother, Jennie Richardson, left the state of Iowa after the separation and removed with the plaintiff to Kingman county, Kansas. The father remained in Iowa, and has never been a resident of this state. The adoption proceedings presented to the trial court consisted of the entries in the adoption record, the original papers and files being lost. From this record it appears that on January 18, 1886, Jennie Richardson appeared in the probate court with the plaintiff, then five years of age, and filed a paper which, omitting the title, reads:

*"In the Probate Court of Kingman county, State of Kansas.*

"Jennie Richardson, the undersigned, a resident of Kingman county, in the state of Kansas, parent of Harry Ralford Richardson, a minor child aged five years, with the approval of the probate judge of said county first obtained in open court, does hereby relin-

quish all right to my said minor child, Harry R. Rich-
ardson, aforesaid, to George Cubitt, who is desirous of
adopting him as his own child."

"Approved this 18th day of January, 1886.

Wm. Green, *Probate Judge.*

"In witness whereof, I, the undersigned, probate
judge of Kingman county, have hereunto set my hand
and affixed the seal of said probate court, this 18th day
of January, A. D. 1886.      Wm. Green,
      [SEAL.]                 *Probate Judge."*

At the same time George Cubitt filed a paper which
reads:

"Harry Ralford Richardson, a minor male •child,
aged five years old, 21st of June, 1885, and Jennie
Richardson, his mother, now appearing before the
probate court of Kingman county, aforesaid, and the
said Harry Ralford Richardson thereto consenting, I,
George Cubitt, the undersigned, do hereby offer to
adopt Harry Ralford Richardson, the minor child
above mentioned, as my own son.

George Cubitt.
Jennie A. Richardson.

"Done in the probate court of Kingman county, this
18th day of January, A. D. 1885.

Wm. Green, *Probate Judge.*

"In witness whereof, I, the undersigned, probate
judge of Kingman county, have hereunto set my hand
and affixed the seal of said probate court, this 18th day
of January, A. D. 1885.      Wm. Green,
      [SEAL.]                 *Probate Judge."*

Thereupon, and as a part of the same transaction,
the court made an order which reads:

"And Harry Ralford Richardson, the said minor, and
Jennie Richardson, his mother, at the same time appear
before said court, and consent to such adoption.

"And thereupon, the said probate court being satis-
fied that such consent is free and voluntary, the said
court doth now make its proceedings of record in the
said probate court, and doth declare Harry Ralford
Richardson, the minor child aforesaid, the child and
heir of Jennie Richardson, aforesaid, so adopting him.

Wm, Green, *Probate Judge."*

At the close of these proceedings George Cubitt took

possession of the plaintiff, who remained in and a part of the Cubitt family thereafter, until he enlisted in the naval service on board the battle-ship "Maine." He reenlisted and is now serving at Manila, in the Philippine Islands, on the ship "Monadnoc."

It will be seen that the name of Jennie Richardson appears in the order of adoption where the name George Cubitt should have been written. It is insisted that this defect in the order makes it void. This mistake was discovered by George Cubitt about four years after the adoption, and he undertook to cure it by having new proceedings of adoption and by having an order correcting the mistake entered *nunc pro tunc.* This last action of the court is assailed on several grounds, but in the view we have taken it will be unnecessary to consider them.

It is not denied that the mother of the plaintiff took him to the probate court for the purpose of having him adopted by George Cubitt, and that George Cubitt met her there for the purpose of taking the child as his own by legal adoption. They met in the probate court with an attorney, and with the assistance of the court attempted in good faith to do all that the law required legally to transfer the custody, control and heirship of the plaintiff from his parents to George Cubitt. All parties thereafter rested in the belief that by such proceedings a legal adoption had been accomplished.

When parties voluntarily submit important interests to a court of competent jurisdiction for determination, and such interests are adjusted by such court, and its judgment thereon is entered upon its records, and the parties interested acquiesce in and act thereon for many years, such record should not be lightly set aside or ignored. On the contrary, such judicial proceedings should be construed, when reasonably possible, so as to preserve and protect the rights and interests conferred thereby. (*In re Evans*, 106 Cal. 562, 39 Pac. 860; *Van Matre v. Sankey et al.*, 148 Ill. 536, 36 N. E. 628, 23 L.

R. A. 665, 39 Am. St. Rep. 196; *Wilson v. Otis,* 71 N. H. 483, 53 Atl. 439.) When a judicial record, considered as a whole, clearly indicates the order or judgment which the court intended to make, then all mere informalities, irregularities and obvious clerical omissions and mistakes will be overlooked, and the real act of the court will be recognized, upheld and enforced according to the manifest intent thereof. (*In re Evans, supra; Van Matre v. Sankey et al., supra; Wilson v. Otis, supra.*)

The case of *Wilson v. Otis, supra,* is in most respects very similar to this case. In that case the decree of adoption consisted of a printed form, in which blank spaces were left where the names of the parties were to be written. None of these spaces was filled. The original papers were lost. The preliminary recitals of the decree, however, indicated fully what was before the court; the decree had the signature of the judge attached thereto, and showed that ——— child was adopted by ——— person. Who these persons were could be definitely ascertained by reference to the recitals. It was held that the real act of the court was clearly apparent from the whole record, and the adoption was upheld.

In the case of *In re Evans, supra,* the parties entered into a written agreement of adoption, presented it to the court, and asked to have a statutory decree entered thereon. The court indorsed its approval on the agreement and placed it on file. No other record was made. The parties thereafter acted upon the assumption that the proceeding was valid. The child made its home with its adopted parents for about ten years, when the adopting father died. The heirs disputed the validity of the adoption proceedings, but the court held that under such circumstances of acquiescence in a decree invited by the deceased it would require something more than irregularities to set aside the decree of adoption, and it was sustained.

Whether the action of the court taken in 1890 to

correct the mistake made by writing the name of Jennie Richardson in the order of adoption where the name of George Cubitt should have been written was in all respects regular and valid as *nunc pro tunc* proceedings need not be discussed. It was clearly a mistake that might be corrected at any time, and may now be considered as amended. (17 A. & E. Encycl. of L. 818; *Wilson v. Otis,* 71 N. H. 483, 53 Atl. 439; *Dreyfuss v. Tompkins,* 67 Cal. 339, 7 Pac. 732; *Paige v. Roeding,* 96 Cal. 388, 31 Pac. 264; *Cauthorn v. Berry,* 69 Mo. App. 404; *The Security Company of Harford v. Arbuckle et al.,* 123 Ind. 518, 24 N. E. 329; *Chissom et al. v. Barbour et al.,* 100 Ind. 1; *People v. Ward,* 141 Cal. 628, 75 Pac. 306; *Allen and Dean v. Bradford and Shotwell,* 3 Ala. 281, 37 Am. Dec. 689; *Nabers' Adm'r v. Meredith et al.,* 67 Ala. 333.) Mistakes in the names of the parties, dates, description of lands, amounts, and others of a similar character, may be corrected by the court upon its own motion, at any time, when it is clear from the whole record what the correct entry should be. (17 A. & E. Encycl of L. 820-822, and notes; *Dickey v. Gibson,* 113 Cal. 26, 45 Pac. 15, 54 Am. St. Rep. 326.)

The confusion in dates apparent in the adoption papers is a matter of little moment, as it is immaterial which of the dates is correct. It is clear that the plaintiff was regularly adopted by George Cubitt in the probate court, and whether in 1885 or 1886 can make no difference.

The father of the plaintiff, being a non-resident of the state, was not a necessary party to the proceeding. Besides, whatever rights he might be supposed to have to the custody or control of the plaintiff was cut off by the decree of divorce which his wife obtained, in which she was given the custody of the children. (*In re Williams,* 102 Cal. 70, 81, 36 Pac. 407, 41 Am. St. Rep. 163.)

On the whole case we conclude that the plaintiff was

legally adopted by, and that he has a right of inheritance in the estate of, George Cubitt, deceased, the same as if he were a natural child of such decedent. The judgment of the district court is reversed, with directions to enter a decree in favor of the plaintiff in accordance with the views herein expressed.

All the Justices concurring.