## JONES v. LEEDS ET AL.

[No. 5,959.   Filed January 31, 1908.]

1. PLEADING.—*Complaint.—Quieting Title.—Ownership.*—A general allegation of the ownership of the land in question is sufficient in a suit to quiet title.   p. 167.

2. QUIETING TITLE.—*Adopted Children.—Decree of Adoption.— Evidence.*—A suit by an adopted daughter for partition and to quiet title to lands owned by her foster-parents, is not founded upon the decree of adoption; but such decree is evidence of her title.   p. 167.

3. ADOPTION.—*Jurisdiction.*—Under §§868, 870 Burns 1908, §823 R. S 1881, and Acts 1883, p. 61, the circuit court of the county wherein the adopted child resides has jurisdiction over proceedings in adoption.   p. 167.

4. SAME.—*Jurisdiction.—Decree.*—A decree of adoption entered in a suit therefor, wherein the court had jurisdiction of the parties thereto, is not void.   p. 167.

Jones *v.* Leeds—41 Ind. App. 164.

5. COURTS.—*Jurisdiction.*—*Limited.*—*Presumptions.*—Where a court of limited jurisdiction is shown to have had jurisdiction in a suit, the same presumptions are indulged in favor of its actions, as in cases of courts of general jurisdiction.  p. 168.

6. JUDGMENT.—*Collateral Attack.*—*Adoption.*—Where the record, in an adoption proceeding, affirmatively shows that the court had jurisdiction, its decree therein is not subject to a collateral attack.  p. 168.

7. STATUTES.—*Construction.*—*Intent.*—Courts, in the construction of a statute, will endeavor to ascertain and enforce the legislative intent.  p. 169.

8. ADOPTION.—*Decree.*—*Defects in Procedure.*—The status of an adopted child is determined by the decree of adoption; and defects in the procedure do not invalidate such decree.  p. 169.

9. JUDGMENT.—*Avoidance of.*—*Equity.*—An answer purporting to avoid the legality of a decree of adoption, is of an equitable nature, and is governed by equitable principles.  p. 170.

10. ADOPTION.—*Decree.*—*Acquiescence.*—Where a decree provides that the husband and wife adopted plaintiff as their daughter and the petition therefor was subscribed and attested only by the husband, the wife recognizing the validity of such decree during her life and treating the plaintiff as her own child, equity will not permit the heirs of such wife to take advantage of errors in the proceedings leading up to such decree in order to defeat plaintiff's rights as heir.  p. 170.

From Howard Superior Court; *B. F. Harness,* Judge.

Suit by Daisy D. Jones against Frank J. Leeds and others. From the decree entered, plaintiff appeals.  *Reversed.*

*George Lyster, Blacklidge, Shirley & Wolf* and *B. C. Moon,* for appellant.

*Bell & Purdum,* for appellees.

WATSON, J.—This was a suit to quiet title, and for partition of certain real estate of which appellant claimed to be the owner, as an heir by adoption, of Louisa W. Leeds and Josiah M. Leeds. Louisa W. Leeds, in her lifetime, was the owner, and seized of all of said real estate, and all the parties claim through her. At the request of appellant the court found the facts specially. In substance they are as follows: Louisa W. Leeds, in her lifetime, was the owner of the real estate in question, and died intestate the owner

thereof. She was survived by her husband, Josiah M. Leeds, three sons born in wedlock, and an adopted daughter, appellant herein. On June 12, 1880, Josiah M. and Louisa W. Leeds petitioned the Howard Circuit Court for the adoption of Daisy Rammel, appellant in this cause. The words "and Louisa W. Leeds" were interlined in the petition after the same was written. Said petition was not signed or verified by Louisa W. Leeds. The petitioners were husband and wife at the time of said adoption. The child adopted was at that time three years old, without any property whatever, and a resident of Howard county, Indiana. Her mother was dead, and her father resided in Marion county, Indiana, but he appeared in open court and consented to the adoption. The petition was signed and verified by J. M. Leeds. On said date, the petitioners being present, the court, having examined the petition and being satisfied that it would be for the interest of said child, decreed that said child be, and she was, adopted by said Josiah M. and Louisa W. Leeds, and that she "be entitled to receive all the rights and interest in the estate of Josiah M. and Louisa W. Leeds, by descent or otherwise, that said child would if the natural heir of said foster-father and foster-mother, and that from and after this date said Josiah M. and Louisa W. Leeds shall occupy the same position towards said child that they would if the natural father and mother, and be liable for maintenance, education and in every other way responsible as natural father and mother."

Upon these facts the stated conclusions of law were that appellant (1) was duly adopted by Josiah M. Leeds, and (2) became thereby one of his heirs, but (3) that the adoption proceedings were void as to Louisa W. Leeds, and (4) appellant did not become thereby an heir of said Louisa W. Leeds. A decree was entered in favor of appellees as to the real estate owned by Louisa W. Leeds at her death. From this decree an appeal was taken to this court, assigning as errors: (1) The third conclusion of law stated by the court

upon the facts found; (2) the fourth conclusion of law stated by the court upon the facts found; (3) overruling the motion for a new trial.

In a suit to quiet title to real estate and for partition of the same, the derivation of the title asserted need not be alleged, but a general allegation of the ownership of the real estate in question is sufficient. *City of La-Fayette* v. *Wabash R. Co.* (1902), 28 Ind. App. 497; *Shetterly* v. *Axt* (1906), 37 Ind. App. 687; *Blakely* v. *Boruff* (1880), 71 Ind. 93; *Utterback* v. *Terhune* (1881), 75 Ind. 363; *Pipes* v. *Hobbs* (1882), 83 Ind. 43; *Weaver* v. *Apple* (1897), 147 Ind. 304.

Therefore, it was unnecessary to allege the facts, which established the adoption, in order to support her cause of action. Furthermore, said cause is not an action upon the decree of adoption, nor is said decree the basis of this action. The decree of the Howard Circuit Court was admissible as evidence of appellant's right to possession and partition of the land in question. *Quinn* v. *Quinn* (1894), 5 S. Dak. 328, 58 N. W. 808, 49 Am. St. 875.

But appellees insist that since the petition was not signed and verified by Louisa W. Leeds the judgment was not valid as to her. It is contended that the court, in this case, exercised special statutory power, not according to the course of the common law, and therefore it stands upon the same ground and is governed by the same rules as courts of limited and inferior jurisdiction. By statute, §§868, 870 Burns 1908, §823 R. S. 1881, Acts 1883, p. 61, the Howard Circuit Court, being the circuit court of the county wherein the adopted child resided, was given jurisdiction and authorized to render a decree of adoption in a proper proceeding of this kind. It affirmatively appears from the record that all the parties necessary to such decree were present before the court, were there as parties to such adoption proceedings, and consented to

the decree. Thus the court had jurisdiction both of the persons and the subject-matter necessary to render said judgment. Therefore said judgment was not void for want of jurisdiction. *Roberts* v. *Leutzke* (1903), 39 Ind. App. 577; *Weston* v. *Lumley* (1870), 33 Ind. 486, 494; *Board, etc.,* v. *Markle* (1874), 46 Ind. 96, 111; *Coolman* v. *Fleming* (1882), 82 Ind. 117; *Lantz* v. *Maffett* (1885), 102 Ind. 23, 28; .*Wilson* v. *Otis* (1902), 71 N. H. 483, 53 Atl. 439, 93 Am. St. 564; Van Fleet, Collat. Attack, §61.

Where a court of limited jurisdiction is shown to have jurisdiction, the same presumptions are indulged as 5. in a court of general jurisdiction. *Davis* v. *Bickel* (1900), 25 Ind. App. 378; *Bernhamer* v. *Hoffman* (1899), 23 Ind. App. 34.

Hence, conceding appellees' contention, the record in the adoption proceedings shows that the court which rendered the decree had jurisdiction, and its decree is not open 6. to attack except in a suit for that purpose.

Appellees' contention is subject to the objection that it is a collateral attack upon a decree. In Van Fleet, Collat. Attack, §3, it is said: "A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law. * * * Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power." The vital question in this case is as to appellant's title. To show this she produced in evidence a decree of adoption by the Howard Circuit Court whereby her status as a child of Louisa W. Leeds, by adoption, and her right to share in the latter's estate, are established. Appellees attempted to avoid and annul such status by showing that said decree was void because of the failure of said Louisa to verify the petition for

adoption, thereby attempting to show that appellant has no title to the real estate in question. This is a collateral attack upon the judgment of adoption, and can not be maintained. *Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 99 Am. St. 260; *Soules* v. *Robinson* (1902), 158 Ind. 97, 92 Am. St. 301; *Hall* v. *Durham* (1886), 109 Ind. 434.

Appellees also invoke the rule that, since the suit for adoption is in derogation of the common law, the statute must be strictly construed. In construing statutes the court will endeavor to ascertain and carry out the legislative intent. *Abbott* v. *Inman* (1905), 35 Ind. App. 262; *Hoffmeyer* v. *State* (1906), 37 Ind. App. 526; *State* v. *Myers* (1896), 146 Ind. 36; *State Board, etc.*, v. *Holliday* (1898), 150 Ind. 216, 42 L. R. A. 826.

The intention of the legislature was to require a petition setting out the facts necessary to show a cause for a decree of adoption, and the truth of such averments was to be attested by the oath of the person petitioning. The decree of the court established a status for the child, sought to be adopted, and is the sole and only source for determining that status. The other steps in the proceeding are of no avail in the absence of such decree, and in this State there can be no legal adoption in any other manner. To protect and promote the interest of the adopted child is the primary object in the mind of the court empowered to make such a decree. That omissions from the strict statutory requirements will not necessarily annul the established status of the child has been decided in many jurisdictions. *Crocker* v. *Balch* (1900), 104 Tenn. 6, 55 S. W. 307; *Ferguson* v. *Herr* (1902), 64 Neb. 649, 667, 90 N. W. 625, 94 N. W. 542; *Barnard* v. *Barnard* (1886), 119 Ill. 92, 98, 8 N. E. 320; *Flannigan* v. *Howard* (1902), 200 Ill. 396, 65 N. E. 782, 59 L. R. A. 664, 93 Am. St. 201; *Wilson* v. *Otis, supra; Parsons* v. *Parsons* (1898), 101 Wis. 76, 77 N. W. 147, 70 Am. St. 894; *Quinn* v. *Quinn, supra.*

The heirship of an adopted child is established by the order of the court adopting such child. The case of *Quinn* v. *Quinn, supra,* involved the right of the adopted heir to inherit as such from the foster-father. The contention was that the contract as to property rights between the adopting parent and the mother of the child was not in writing. The court said: ''The respondent contends that the fact that the plaintiff is heir of Quinn is conclusively established by the order [of adoption]. We fully agree with counsel in this contention. The order is that said plaintiff 'shall be capable of inheriting the estate of said Hollis S. Quinn.' * * * But in the case at bar, as we have seen, the plaintiff, by judicial proceedings was duly adopted as the child and heir of said Hollis Quinn; and this proceeding, in our view of the case, renders it unnecessary to discuss or consider the questions discussed by counsel in their brief. * * * The fact that the plaintiff was legally adopted and made the heir of said Quinn by the order of the court is the important and controlling element in this case.''

In the case at bar the defense is to avoid the effect of the decree of adoption, and being so it is of an equitable nature. Josiah M. and Louisa W. Leeds asked the court to make the decree of adoption, and thus invoked the jurisdiction of the court. It was upon their motion that the order was made. The validity of the proceedings was recognized by Louisa W. Leeds during her lifetime, and challenged for the first time by her heirs.

Appellees cannot be permitted, by a court of equity, to take advantage of a wrong, if any, to the prejudice and injury of the innocent party, after the lapse of many years, during all of which time the status of the child, as fixed by the court, has been recognized by all the parties to the proceedings. *Brown* v. *Brown* (1885), 101 Ind. 340; *Appeal of Wolfe* (1888), (Pa. St.), 13 Atl. 760; *Wilson* v. *Otis, supra.*

The judgment is reversed, with instructions to the trial

court so to restate its conclusions of law as to be consistent with this opinion.

Judgment reversed.