## MASON et al. v. SLONECKER.

No. 14217—Opinion Filed Sept. 25, 1923.

**1. Mortgages — Foreclosure — Pleading — Exhibits—Variance.**

In an action for debt and foreclosure of mortgage the note and mortgage are required by the statute to be made a part of the petition, or attached thereto as exhibits, and if there is a variance between the allegations of the petition and the exhibits attached, the exhibits must control and the exhibits must be held to be a part of the petition.

**2. Appeal and Error—Pleading—Amendments Regarded as Made.**

Where the amendment of a petition, which ought to have been allowed, if leave to make it had been asked in the trial court, to conform it to the evidence adduced, without objection the amendment will be regarded in the Supreme Court as having been made.

**3. Judgment—Correction of Clerical Errors.**

Mere clerical omissions and mistakes in the orders and judgments of a court of record may be corrected by the court at any time, when it is clearly apparent from the whole record in the case what the true entry should have been.

**4. Same.**

Mistakes in the names of the parties, dates, descriptions of land, amounts, and others of similar character may be corrected by the court upon his own motion, at any time, when it is clear from the whole record what the correct entry should be.

**5. Same—Correction After Affirmance.**

The district court has power to correct a journal entry of a judgment to conform to the judgment originally rendered, even after the same has been affirmed by the Supreme Court, where the whole record shows that by reason of a clerical mistake journal entry is erroneous, and attention was not called to such error on review, and judgment of affirmance was, in no way, based on such errors.

The correction of such journal entry, under such circumstances, is not a rendition of a new judgment nor changing of judg-

ment, which has been affirmed by the Supreme Court, and, in the instant case, the correction of the journal entry and pleadings after due notice to the parties without objection from any of the parties interested as to description of land to conform to the description in the exhibit is not a new judgment and relates back to the time of the entry of the original judgment.

### 6. Mortgages—Foreclosure—Judgment.

Where the original judgment gave the full six months' time to defendants to pay the debt and ordered upon failure to pay that an order of sale should issue under proper authority and the premises sold to satisfy plaintiff's judgment, costs and taxes, and that the balance, if any, be brought into court to await the further order of the court, held, that this was a substantial compliance with the statute. and all other proceedings in the foreclosure having been regular, the rights of the defendants have not been violated, and the sale, under such circumstances, will not be set aside by this court.

### 7. Limitation of Actions—Defense of Void Judgment.

The statute of limitation can not be pleaded against the defense of a void judgment, alleged to be void upon its face, if it requires only an inspection of the judgment roll to demonstrate its want of validity, and it may be vacated by the court rendering it at any time on motion of a party or any person affected thereby.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court. Oklahoma County; Thomas A. Edwards, Assigned Judge.

Action by D. M. Slonecker against Bettie Mason et al. Judgment for plaintiff. Defendants bring error. Affirmed.

V. E. McInnis and Rainey & Flynn, for plaintiffs in error.

Twyford & Smith and Ward Goble, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Oklahoma county, Okla.. by D. M. Slonecker, defendant in error, as plaintiff below, against Bettie Mason et al., plaintiffs in error, defendants below, to quiet title in plaintiff to the east half of the southeast quarter of section 18, township 12 north, range 2, west of the Indian Meridian, in Oklahoma county, Okla.

The parties will be referred to as plaintiff and defendants as they appeared below.

The petition is in the ordinary form to quiet title to real estate. Defendants filed an answer and cross-petition, denying plaintiff's title and right to the possession of premises and asking that the title be quieted in the defendants, and set up their chain of title, and alleged that Bettie Mason was a sole heir at law of her daughter, Hattie B. Murdock, who died intestate, without issue, from whom she inherited title, and that plaintiff obtained his title by virtue of a foreclosure sale under judgment of court in the case of Susan A. Sharp v. Bettie Mason et al., No. 8652, upon a note and mortgage given to secure the note, which judgment, and order of foreclosure and sale under said judgment, are claimed by defendants to be void, for the reason that the lands described in that action are not the same lands that are described in the petition, order of foreclosure, order of sale, and judgment in that case, which was rendered on the 16th day of May, 1911, as the land described in the proceedings in that case in the pleadings, judgment, and orders was the east half of the southwest quarter of section 18, township 12 north, range 2, west of the Indian Meridian, and that the journal entry in said cause did not order the property sold without appraisement, nor did it order how the proceeds from such sale should be applied to the payment of taxes, costs, debts, etc. That it was void for the further reason that the plaintiff in that action, more than six months after judgment and after the term of court in which said judgment had been rendered had expired, filed its petition to modify the judgment of the court, and that the court, without authority of law, on the 2nd day of February, 1912, modified. and changed the judgment, in this, that it changed the description of the land and added that said land should be sold without appraisement, and allowed plaintiff to amend her petition, changing the description of the land and to ask for foreclosure and sale without appraisement, and to provide for the application of proceeds to the payment of taxes, costs, etc., and that after journal entry of said amended judgment had been entered, on the 7th day of February, 1912, and less than one month after the entry of said judgment and after the amendment of said pleadings, a void order of sale was issued out of said court in said cause and that the sheriff sold said property on the 14th day of March to S. C. Axtell, under said void order, who after purchasing the same sold to the plaintiff, D. M. Slonecker, and that the defendant Bettie Mason, at law and in equity, was entitled to six months from and after the rendition of the amended judgment in said cause within which to make payment of the judgment in said court, and that the attempted sale. having been made less than six months after such void

modification and amendment of judgment, was in all things void, and that the defendants are willing and here and now offer in open court to do and perform all things in equity, demanded in reference to and concerning said judgment, principal, and interest, and to abide by the decision and order of the court concerning same, and prayed the court for judgment quieting title in the defendants as against plaintiff and for an order putting the said Bettie Mason in possession of the property and adjudging said pretended sale and modification of the pleadings and judgment of the district court of Oklahoma County, under which the plaintiff claims, void and of no effect.

To which answer and cross-petition of defendants the plaintiff filed his reply, denying the allegations of the answer and cross-petition of defendants which are inconsistent with the allegations of plaintiff's petition, and alleged that on the 26th day of March, 1912, the sheriff of Oklahoma county made, executed, and delivered to S. C. Axtell a certain sheriff's deed, which conveyed to him the property in litigation, and that the said S. C. Axtell sold said property to this plaintiff by warranty deed of April 2, 1912, and that he entered immediately into possession of said property, and that he has remained in continuous and uninterrupted possession of said property since said time, and pleaded the statute of limitation found in sections 4655 and 4657, Rev. Laws 1910, and alleged that the proceedings in the former case, No. 8652, referred to by defendants, were regular and statutory and that defendants were barred, foreclosed, and estopped from setting up and claiming any right, title, or interest in and to said real estate, and that said decree was based on a foreclosure of a mortgage executed by the then owners of the land for security of a debt of $461.76 and $25 attorney fees, with interest from the 26th day of August, 1910, at the rate of 8 per cent. per annum until paid; that he had paid taxes on said lands for the years 1912 to 1921, inclusive, and the total sum of interest of $1,000, and asked that should defendants and cross-petitioners prevail in said action a lien be declared in his favor upon the lands in the above entitled sums, and asked for a foreclosure of the lien in the event defendants and cross-petitioners secured the judgment they prayed for in their answer and cross-petition. Upon these issues, by agreement, the cause was tried to the court without the intervention of a jury, and at the close of all the testimony the plaintiff demurred to the evidence of the cross-petitioners for the reason that the same fails to make out a cause of action for relief in favor of the said cross-petitioners or either of them as against this plaintiff, and for the further reason that the cause of action, if any, attempted to be proven by the defendants, is barred by the statute of limitation of the state of Oklahoma under the first paragraph of section 4655 and section 4657, Rev. Laws 1910, which demurrer was by the court sustained, to which the defendants excepted.

Motion for new trial was filed and overruled. Judgment was rendered in favor of the plaintiff that he was the owner in fee simple and in the actual, exclusive, adverse, and uninterrupted possession of the east half of the southeast quarter of section 18, township 12 north, range 2, west of the Indian Meridian, except the south half of the southeast quarter of the southeast quarter of the southeast quarter of section 18, township 12 north, range 2, west of the Indian Meridian, and quieted and perfected the title in plaintiff. From which judgment of the court this cause comes to this court regularly upon appeal.

Defendants assign as error the overruling of the motion for new trial, the sustaining of the demurrer to the evidence of defendants, and the rendering of judgment in favor of plaintiff, quieting title to premises, which are all argued under the following head:

"These errors will all be argued under the general proposition that the attempted corrections of the record, judgment, and petition was without justification in law and void; and also that the sale under foreclosure was wholly void since it was had before the expiration of six months, as required by law."

It will be necessary to go briefly into the evidence in this case. The record discloses that both parties claimed title under a common source from Hattie B. Murdock, who died owning the lands in litigation, subject to a mortgage executed by her on January 23, 1906, on said land in the sum of $350, due January 23, 1909, and that the defendant Bettie Mason was the sole heir of Hattie B. Murdock and took said lands subject to said mortgage; that S. C. Axtell acquired a sheriff's deed on the 27th day of March, 1912, to said lands, under proceedings in foreclosure of the mortgage above named in action No. 8652 in the district court of Oklahoma county, styled Susan A. Sharp v. Bettie Mason et al., and that he, in turn, conveyed the property to the plaintiff, D. M. Slonecker, who held the title thus acquired by S. C. Axtell. Plaintiff offered in evidence sheriff's deed to Axtell, warranty deed executed to himself by S. C. Axtell, the said sheriff's deed being dated March 26, 1912, and the

Axtell deed being dated April 1, 1912, and rested.

Defendants then introduced the original petition in case No. 8652, in which the land is described as the east half of the southwest quarter of section 18, township 12, north, range 2, west of the Indian Meridian, instead of the east half of the southeast quarter of said section, township and range, to which petition was attached as an exhibit a copy of the original mortgage, which properly described the land.

There was also introduced by defendants assignment of mortgage from the original mortgagee to Sharp, which assignment contained the correct description of the land. Also, answer of Jesse Johnson, administrator, which contained a correct description of the land, and the reply of Bettie Mason to the cross-petition of Johnson, administrator, which contained the correct description.

The defendants then introduced journal entry and decree of foreclosure in case No. 8652, dated May 16, 1911, and order of sale, dated November 17th, 1911, which contain the misdescription following the description contained in the petition. Defendants then introduced application for nunc pro tunc order to correct the record, which was filed January 27, 1912, asking to be allowed to correct the petition in the description of the land and to correct the description in the judgment, and to correct the description in the answer of Bettie Mason, and in the first order of sale, alleging that the mistake in erroneously describing the land in the petition as being the east half of the southwest quarter was made through inadvertence; that the mortgage attached to the petition as "Exhibit B" correctly described the lands as the east half of the southeast quarter, and that the same mistake occurred in the answer of Bettie Mason, and in the judgment and journal entry of the court, and in the execution and order of sale issued by the clerk of the court, and that said mistake was overlooked by all the parties hereto, and that the interest and rights of none of the parties to this cause will be prejudicially affected by correction of the description of the land as asked for and that they be allowed to correct the journal entry to provide that the said land be sold without appraisement, and that the judgment be corrected so as to direct the proceeds of the sale to be paid out by the sheriff to the payment of costs, taxes, judgment, interest, and attorney fees, and balance paid into the clerk of the court to await the further orders of the court, to which was attached an affidavit of C. E. Smith, one of the attorneys for plaintiff, in which he states that the mistake was made by the affiant in dictating the petition or on part of the stenographer in transcribing his notes; that the true and correct description of said land is the east half of the southeast quarter; that throughout the proceedings and the trial the affiant believed that the petition and judgment described said land correctly and that the same was not called to his attention until in December, 1911, and the defendants then introduced the journal entry, dated February 2, 1912, correcting the record in all the respects asked for, as above set forth, and further introduced the order of sale issued February 7, 1912, after the record had been corrected of date of February 2, 1912, which order ordered the property sold without appraisement, and the return on said order made by the sheriff shows that said land was sold on March 14, 1912, to S. C. Axtell, for $680.00, and the sale confirmed March 23, 1912.

It will be further necessary to examine the original journal entry in the foreclosure proceedings, in which the court makes the order in the following language:

"It is further ordered that if said plaintiff be not paid said sum, as aforesaid, due her, within six months from this date that an order of sale shall issue under proper authority and the premises herein described be sold to satisfy plaintiff's judgment, costs and taxes, and that residue, if any, be brought into court to await the further order of the court."

The plaintiff claims that the defense of the void judgment, set up in defendant's answer, is barred by the statute of limitations, found in sections 4655 and 4657, Rev. Laws 1910. With this contention of plaintiff we cannot agree, as this court has passed upon this proposition adversely to this contention in the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806. This part of defendants' answer is in the nature of a counterclaim within the meaning of section 4746, Rev. Laws 1910, and is within the clause therein declaring that a counterclaim shall not be barred by the statute of limitation until the claim of plaintiff is also barred; and to like effect is the case of Nellis et al. v. Minton, 91 Okla. 75, 216 Pac. 147. This contention is also without merit for the reason that the defendants claim that the judgment is void, founded upon the judgment roll in a proceeding to foreclose a mortgage, and this court passed squarely upon this proposition in the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, in which Judge Ramsey held:

"A judgment which is void upon its face and requires only an inspection of the judg-

ment roll to demonstrate its want of validity is a 'dead limb upon the judicial tree, which may be lopped off at any time'; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it 'at any time on motion of a party or any person affected thereby.' either before or after the expiration of three years from the rendition of such void judgment. Such motion is unhampered by a limitation of time."

This court has further held that section 4655, Rev. Laws 1910, does not apply to an action to quiet title, because it is not an action to recover possession of real property. Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410.

The next proposition is that the original journal entry did not set forth that the land should be "sold without appraisement," and did not set forth that the proceeds should be applied, first, "to the payment of taxes," second, "payment of costs," third, "satisfaction of the judgment," and, fourth, "as to the disposition of any amount remaining in the hands of the sheriff." We do not think that the contention of defendants upon this proposition has any merit, for the reason that the part of the original journal entry heretofore copied in this opinion shows that the court ordered that if payment were not made of the amount of the judgment within six months from date an order of sale should issue under proper authority, and ordered the property sold to satisfy "plaintiff's judgment, costs and taxes, and that the residue, if any, be brought into the court to await the further order of the court," which, in our opinion, was sufficient for the reason that it provided that six months should expire from the date of judgment before the sale should be ordered, giving defendant the six months' time, as provided by statute, to satisfy the judgment, and that then the order should be issued under proper authority, and the property sold and the proceeds applied to the payment of judgment, costs, and taxes, and this was in conformity with the condition named in the mortgage and is a substantial compliance with section 7635, Compiled Statutes of 1921.

And this court, in the case of Owens v. Culbertson, 65 Okla. 137, 164 Pac. 975, held:

"Where, in a decree of foreclosure, the mortgage has written or printed therein, 'and waive the appraisement,' and the order of sale has not been issued until the expiration of six months from the date of judgment, and the journal entry provides that said premises shall be sold 'according to the provisions of law relating to the sale of real estate under execution,' such words will be held to mean that said premises shall be sold in accordance with the stipulation in the mortgage 'without

appraisement,' and where appraisement has been made in the proceedings to sell said real estate under such foreclosure, such appraisement will be regarded as surplusage, and, if necessary, this court on appeal may direct the journal entry and entire record to be modified by striking such provisions out of the record, and if it appears from the entire record that all other proceedings in foreclosure have been duly and regularly taken and performed, and that there has been no miscarriage of justice nor substantial violation of any constitutional or statutory right, the judgment of the lower court in confirming the sale will not be reversed nor set aside, but, on the contrary, will be affirmed by this court.

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Then, from the above authority, we are forced to conclude that no right of defendants was invaded for the original judgment gave the full six months in which to satisfy the judgment. It also provided how the proceeds should be disbursed and took care of the taxes and costs, and therefore this contention of defendants is without merit.

There remains but one other proposition complained of by defendants, and that is that the petition, answer of defendants, journal entry, and order of foreclosure were all amended by order of the court made at a subsequent term of the court upon the petition of plaintiff in the original action No. 8652, and that the land was ordered sold and was sold in less than six months after the corrections were made in the original decree, and defendants contend that this action of the court was a nullity and that the order and sale were absolutely void. It appears from an examination of the record that all the defendants had notice of the application and the date of the hearing of the application in the original action and that they did not appear or make any defense or interpose any objection to the sworn application filed by the plaintiff for the corrections and amendments prayed for, nor to the judgment of the court thereon, and took no appeal therefrom.

The above propositions are of a very serious nature and involve some difficulty in arriving at the correct conclusion. We have already determined that the proceedings and the journal entry are substantially correct in every particular other than the description of the land.

The petition in case No. 8652, together with the mortgage declared upon as exhibit "B"

and the assignment thereof as exhibit "C," all of which were introduced as part of defendants' testimony in the instant case, show that the petition itself had the misdescription of the land, but that the two exhibits, the mortgage and assignments, attached thereto each contained the correct description of the land and under the statute law of the state, section 297, Compiled Statutes of 1921, it was necessary for the pleader to attach both of the exhibits as a basis of his cause of action and our court, in the case of First National Bank of Arkansas City v. Jones, 2 Okla. 353, 37 Pac. 824, held:

"Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint, and a failure to file the original, or a copy thereof, is fatal to the case on demurrer."

And to like effect are the decisions of this court in Long v. Shephard, 35 Okla. 492, 130 Pac. 131; Coleman v. Kreipke, 40 Okla. 518, 139 Pac. 698; Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77, 78; Friend v. Southern State Life Ins. Co., 58 Okla. 448, 160 Pac. 457.

Then, based upon the above authorities, the exhibits attached to the petition, showing the correct description, control, and because there was a misdescription in the petition, the contention of defendants cannot prevail upon the question of an incorrect description in the petition. Further, there being but one mortgage sued upon and the court having declared that identical mortgage to be a first lien upon the land described therein and the defendant, Bettie Mason, claiming title to this land as against her codefendant, Johnson, by virtue of a decree of the court in another proceedings, which correctly described the land, there can be no question of doubt but what all the parties connected with this transaction in this litigation knew what land was involved in this law suit and the land to which the plaintiff had acquired title by virtue of the sheriff's deed in the foreclosure proceeding, and the fact that there was a misdescription in the journal entry of the decree in the case was a mere error, overlooked by all the parties, and it was unquestionably in the mind of the trial court at the time of the rendition of the judgment of foreclosure to fix the lien upon the identical lands described in the mortgage and assignment, attached to the petition as exhibits.

And, under the liberal rule of construction of the statute law on amendments to pleadings by the courts of this state, we are of the opinion that this correction was properly allowed to speak the truth in this case. This court, in the case of Harn et al. v. Patterson, 58 Okla. 694, 160 Pac. 924, allowed the amendment of plea to be made in the Supreme Court in the following language:

"The amendment of a plea, which ought to have been allowed, if leave to make it had been asked in the trial court, to conform it to the evidence adduced, without objection or by the adverse party, will be regarded in this court as having been made." Citing: Carson v. Butt, 4 Okla. 133, 46 Pac. 596; First Nat'l Bank of Mill Creek v. Langston, 32 Okla. 795, 124 Pac. 308; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858.

And the Supreme Court of Kansas, in the case of Cubitt v. Cubitt et al., 74 Kan. 353, 86 Pac. 475, decided:

"Mere clerical omissions and mistakes in the orders and judgments of a court of record may be corrected by the court at any time, when it is clearly apparent from the whole record in the case, what the true entry should have been."

This correction was made by the court on February 2, 1912, with notice to all the parties, and there was no objection from any of the parties interested and the land was sold on the 14th day of March, thereafter, and no question was ever raised until after the expiration of over ten years, and in the Kansas case, supra, it was held:

"When parties voluntarily submit important interests to a court of competent jurisdiction for determination, and such interests are adjusted by such court, and its judgment thereon is entered upon its records, and the parties interested acquiesce in and act thereon for many years, such record should not be lightly set aside or ignored. On the contrary, such judicial proceedings should be construed when reasonably possible, so as to preserve and protect the rights and interests conferred thereby. In re Evans, 106 Cal. 562, 39 Pac. 800; Van Matre v. Sankey, 148 Ill. 536, 36 N. E. 628; Wilson v. Otis (N. H.) 53 Atl. 439. When a judicial record considered as a whole clearly indicates the order or judgment which the court intended to make, then, all mere informalities, irregularities, and obvious clerical omissions and mistakes will be overlooked and the real act of the court will be recognized, upheld and enforced according to the manifest intent thereof. In re Evans, supra; Van Matre v. Sankey, supra; Wilson v. Otis, supra."

The court, in that case, held that where a judgment entered the 18th day of January, 1886, which was corrected in 1890 by writing in the name of another person than the one contained in the order, that this was clearly a mistake that might be corrected at any time

and was considered as amended in the Supreme Court.

And, in the Kansas case, supra, the court held:

"Mistakes in the names of the parties, dates, descriptions of land, amounts, and others of similar character may be corrected by the court upon its own motion, at any time, when it is clear from the whole record what the correct entry should be. 17 Am. Ency. of Law (2d Ed.) §820-822, and notes; Dickey v. Gibson, 113 Cal. 26, 45 Pac. 15."

It is clear from this record what the journal entry should have contained as to the description and what the court intended, and the court was therefore right in making the correction nunc pro tunc.

In the case of Marker, Adm'r, v. Gillam, 80 Okla. 259, 196 Pac. 126, this court finds:

"The district court has power to correct a journal entry of a judgment to conform to the judgment originally rendered, even after the same has been affirmed by this court, where the whole record shows that by reason of a clerical mistake such journal entry is erroneous, and attention was not called to such error on review, and judgment of affirmance was in no way based on such errors.

"The correction of such journal entry under such circumstances is not a rendition of a new judgment nor changing of judgment, which has been affirmed by the Supreme Court."

The latter part of the above quotation clearly defines the effect of such correction and that it is not a rendition of a new judgment nor changing of a judgment. That being true the judgment of May 16, 1911, in the foreclosure case was the judgment of the court and the correction made on February 2, 1912, was not a new judgment but a mere correction of a clerical error and the six months having already expired before the issuance of the order of sale, dated February 7, 1912, it is the opinion of this court that the rights of the defendants were not, in any way, impaired thereby, and she could not be heard to complain after an interval of over ten years, in which she had the opportunity to pay this debt and she had never made any offer to pay.

We have carefully examined the record in this case and the authorities cited by counsel, but upon the whole case we are forced to conclude that the action of the trial court in rendering judgment in favor of plaintiff in the instant case, upon the demurrer to defendants evidence, is right, and therefore should be and is hereby affirmed.

By the Court: It is so ordered.