185 U.S. 182
 22 S.Ct. 621
 46 L.Ed. 862
 DANIEL H. TALBOT, Plff. in Err.,
v.
SIOUX NATIONAL BANK OF SIOUX CITY, IOWA.
 No. 190.
 Argued March 17, 18, 1902.
 Decided April 14, 1902.
 
 This is an action brought in the district court of Woodbury county, Iowa, under §§ 5197 and 5198 of the Revised Statutes of the United States, relating to national banks, to recover the sum of $16,250, the amount of interest alleged to have been unlawfully charged and collected by the defendant bank.
 The original petition alleged as follows:
 'The plaintiff claims of the defendants, and each of them, the sum of $16,000, as money justly due plaintiff from defendants, on account of unlawful and usurious interest knowingly and unlawfully taken from the plaintiff within the seven years last past.
 'The plaintiff further alleges that during said time he had various and numerous business transactions with the defendant bank; in all said transactions defendant charged and exacted a greater rate of interest for the use of moneys had and received by plaintiff from the defendants than the law recognizes or permits a national bank to charge for the use of money.'
 The petition also alleged that the books and accounts wherein said transactions were kept were in the possession of the defendant, and 'that the plaintiff has no itemized statement of the account between him and the defendant,' and that therefore he was unable to incorporate in the petition a statement of the accounts or bill of particulars.
 The petition also alleged that there was due plaintiff the sum of $250, deposited by him with the defendant, which had never been drawn out or paid to him.
 Upon demurrer to the petition the court ordered it to be more specific, 'so far as to require the plaintiff to state his cause of action for usury in one count, and also to state his cause of action for a deposit in a separate count, and also to state the amount claimed as usury that was paid within two years next prior to the commencement of this cause of action.' The petition was thereupon amended.
 We are only concerned with the first and second counts, which alleged the usury. It was alleged in the first count that on or about the 27th of May, 1889, the plaintiff commenced doing business with the bank in the ordinary way between the bank and its patrons, and continued to so do business with it until it closed its doors on or about the 27th of August, 1896. That during that time the bank knowingly charged him with a greater rate of interest than allowed by the laws of Iowa, which amounted to more than $1, but the exact amount of which he was unable to state, because the books containing the transactions were in the possession of the bank.
 That on the 24th of February, 1890, the bank added the amount of usurious interest charged by it to the legitimate indebtedness of plaintiff, and included both and the sum of $2,000 advanced to plaintiff, making a total of $10,000, in a promissory note bearing interest at the rate of 10 per cent per annum, and as collateral security for said note plaintiff assigned to the bank all of his equity in eighty-one contracts, covering 3,290.57 acres of land in Plymouth county, Iowa.
 That on the 4th of March, 1890, plaintiff executed to the bank a non-negotiable promissory note for $28,000, to cover all of his indebtedness to the bank, to wit, $14,500, in a draft, to pay on certain railroad lands; the $10,000 note herein mentioned before, and the unlawful and usurious interest knowingly reserved and charged prior thereto, and continued in said $10,000 note aforesaid, and continued and renewed in the $28,000 note.'
 To secure said note plaintiff executed a mortgage of the land aforesaid.
 'That the above note and mortgage, which were made upon the 4th day of March, 1890, did include the $10,000 illegal and unearned note, and interest to the amount of $17.10; and which said note and mortgage were made to date back and to bear date of March 1, 1890, thereby increasing the rate of interest on the $10,000 note to about 14 per cent per annum; and which said illegal, unlawful, and usurious interest was knowingly reserved and charged by the defendant, and included in and is a part of the $28,000 note aforesaid.
 * * * * *
 'That the unlawful and usurious interest knowingly reserved and charged by said defendant bank against the plaintiff herein, together with the interest which in law and in fact was and is forfeited, but was unlawfully and wrongfully put in a pretended judgment against plaintiff herein in a certain case entitled J. W. White v. D. H. Talbot et al., in the district court of Plymouth county, Iowa, and the forfeited interest which has since accrued, amounts in all to about $9,000; the exact amount plaintiff cannot state for the reason the accounts, books, papers, and records of said business between plaintiff and defendant bank is in the custody and possession of said defendant, and to which plaintiff has no access; and which amount of $9,000 is due and owing to the plaintiff from the defendant.'
 The second count alleged the transactions between the plaintiff and the bank, substantially as in the first count, though in somewhat different order and form, and not so much in detail, and that the charges and reservations of usurious interest and its additions and continuations through the various forms of his indebtedness were without his knowledge or consent.
 That the bank without the knowledge or consent of plaintiff delivered the $28,000 note and the mortgage which was executed to secure the same to one J. W. White, a stockholder in the bank, 'who afterwards unlawfully, and before said note was due and payable, commenced foreclosure proceedings in the district court of Plymouth county, Iowa.'
 That said White with certain officers of the bank 'did conspire with a view to the bringing about a foreclosure, and by this means adjudicate the liabilities which they would bear under the provisions of § 5329, Revised Statutes, because of the knowingly reserving and charging of unlawful and illegal interest as heretofore set out in this amended petition. And that said interested parties as officers or agents of the said bank, unlawfully and with the intent to impose upon the court, by fraudulent representations to the honorable judge of the district court in Plymouth county, Iowa, set out in their petition for said foreclosure the right and justice of foreclosure upon the sole ground of nonpayment of interest, which interest they, individually and collectively, had full knowledge of having been reserved and charged, and of which the defendant in said proceedings was without knowledge at that time, and the said interest was forfeited under the provisions of §§ 5197 and 5198 of the Revised Statutes.
 'Par. 6. That the said J. W. White, in pursuance of the conspiracy formed with the said A. S. Garretson and W. L. Joy as aforesaid, and for the purpose of misleading and deceiving said district court and causing it to assume jurisdiction in said case, wrongfully and unlawfully suppressed the fact that said $28,000 note contained unlawful and usurious interest, and that all of the interest in said note and the indebtedness of the plaintiff to defendant and said Garretson had been forfeited, and suppressed the fact that said note had lost its interest-bearing power and was not due, and that no right of action then existed, and suppressed the fact that the court had no jurisdiction to try or hear said cause or render judgment therein.
 'Par. 7. The plaintiff further states that on or about the 9th day of April, 1891, the said J. W. White, A. S. Garretson, W. L. Joy, and the firm of Joy, Hudson, Call, & Joy, and the defendant bank, did wrongfully and unlawfully combine, conspire, and confederate together to and did cause an action to be commenced and proceedings to be instituted against the plaintiff herein, and the land described in said Exhibit 'B,' in the district court of Plymouth county, Iowa, in the name of said J. W. White, instead of the name of the defendant herein, The Sioux National Bank, the real party in interest. That said action was so commenced in the name of said J. W. White for the purpose of avoiding and evading the force and effect of the sections of the Revised Statutes of the United States hereinbefore set forth and referred to in this amendment.'
 That on the 6th of May, 1891, judgment was obtained in the foreclosure suit for the sum of $31,086.50, which included 'the unlawful and usurious interest and the forfeited interest.' The land mortgaged was sold 'on special execution' to satisfy the judgment, and, except three 40-acre pieces, was purchased by C. L. Joy, a director of the bank, for White. Sheriff's deeds were subsequently executed to the purchasers and recorded in Plymouth county.
 That the court in the foreclosure suit relied on the statements of counsel and the allegation of the petition, and did not know that usurious interest was charged, and, 'deceived and misled by the fraud practised upon it,' rendered judgment 'for the sum of $13,125.40, more than would be actually due at maturity of said note and mortgage, to wit, March 1, 1895.'
 That the district court of Plymouth county did not have jurisdiction of plaintiff or the lands mortgaged because by reason of the circumstances set out, and that the note was not due, and the judgment, decree, and the execution were void.
 That the said White and the defendant bank, on or about the 31st of May, 1894, took possession of the lands and property described in the mortgage, and has forcibly held possession ever since.
 The defendant demurred to the petition, and stated as grounds of demurrer to the first count, among others, that it did not appear that any usurious interest had been paid by plaintiff, and that it did not state a cause of action within the provisions of §§ 5197 and 5198 of the Revised Statutes of the United States. As grounds of demurrer to the second count it was stated: '1st. That said action is barred by the limitations prescribed in § 5198, Revised Statutes of the United States, under which said action purports to be brought.'
 The demurrer was sustained, and the plaintiff not pleading further, the action was dismissed. The supreme court of the state affirmed the judgment. Thereupon this writ of error was allowed.
 The supreme court of the state, passing on the case, said:
 'The defendant demurred to the two counts of the petition alleging the cause of action herein stated. Several grounds were stated in the demurrer,—among others, that the statute of limitations had run against plaintiff's claim. The demurrer was sustained generally, and, the plaintiff electing to stand on his pleadings, the cause as to the claim made in counts one and two of the petition was dismissed.
 'The $28,000 note was never paid by the plaintiff. A land mortgage was given to secure it, and that was foreclosed in Plymouth county, Iowa, and a decree rendered against the plaintiff thereon May 6, 1891. The land covered by this mortgage was sold sometime thereafter,—just when does not certainly appear, but it was more than two years prior to the commencement of this action.
 'Section 5198 of the Revised Statutes of the United States provides for the recovery back of twice the amount of unlawful interest paid if the action therefor be commenced within two years from the time the usurious transaction occurred.
 'This action was begun October 7, 1896, and at that time the plaintiff's cause of action was barred, and the demurrer for that reason was properly sustained. There was no error in striking a part of the prayer from the third count of the petition.
 'The judgment is affirmed.' [111 Iowa, 583, 82 N. W. 963.]
 The assignments of error assert in various ways plaintiff's claim of rights under §§ 5197 and 5198 of the Revised Statutes of the United States.
 Messrs. A. A. Hoehling, Jr., James K. Redington, and Jeremiah M. Wilson for plaintiff in error.
 Messrs. Asa F. Call, Francis F. Oldham, and Henry J. Taylor for defendant in error.
 Mr. Justice McKenna delivered the opinion of the court:
 
 
 1
 1. A motion is made to dismiss on the ground that the record presents no Federal question. The motion is overruled. Plaintiff claimed a right under §§ 5197 and 5198 of the Revised Statutes, and the decisions of the courts of the state were adverse to such right. Rev. Stat. § 709.
 
 
 2
 2. The demurrer of defendant in error was sustained because the action was not 'commenced within two years from the time the usurious transaction occurred.' This ruling was indubitably right if any date mentioned in the petition be that of the usurious transaction or transactions relied on. The latest date mentioned in the petition is the 31st of May, 1894, when, it is alleged, 'J. W. White and the defendant herein (plaintiff in error) . . . took possession of the lands and property described' in the mortgage which Talbot gave to the bank March 4, 1890. The present suit was commenced October 7, 1896, hence not within two years from the 31st of May, 1894, and not within six years from the date of the judgment upon which the property was sold.
 
 
 3
 But it is contended that the bank fraudulently concealed from the plaintiff that it had charged him with usurious interest, and that therefore the period of limitation of the statute did not begin 'until the discovery of the wrong,'—a disputable proposition. Besides, it is not available to the plaintiff. The petition does not disclose when the wrong was discovered. On the face of the petition the action was barred, and against its allegations and the circumstances detailed in it we cannot indulge the supposition that plaintiff's consciousness of the wrong was not aroused until sometime within two years before the commencement of this action.
 
 
 4
 Judgment affirmed.
 
 
 5
 Mr. Justice Gray took no part in the decision.