## COOPER v. AUSTIN.

No. 1218.   Opinion Filed November 18, 1911.

(119 Pac. 206.)

**COURTS — County Courts — Jurisdiction.** The original jurisdiction of county courts in civil cases, in any amount not exceeding $1,000, conferred by sec. 12 of art. 7 of the state Constitution, was not changed by secs. 1 and 2 of the act of June 4, 1908 (Sess. Laws 1907-08, p. 284; Comp. Laws, secs. 1977, 1978), so as to deprive said courts of jurisdiction where the amount involved did not exceed $200.

(Syllabus by Rosser, C.)

*Error from Comanche County Court; Jas. H. Wolverton, Judge.*

Action by A. C. Cooper against D. C. Austin. Judgment for plaintiff. From an order setting it aside and dismissing the case, plaintiff brings error. Reversed, with directions to reinstate case and the judgment.

*Steck, Key & Davis,* for plaintiff in error.

*Chas C. Black,* for defendant in error.

Opinion by ROSSER, C. This action was brought July 22, A. D. 1908, in the county court of Comanche county, by Mrs. A. C. Cooper, plaintiff in error, against D. C. Austin, defendant in error, to recover the sum of $98, which she alleged he owed her as wages. The case was tried by a jury, and there was a verdict and judgment for the plaintiff for $102.24. The defendant filed a motion for new trial, setting up all the statutory grounds, and on the 23d day of April, A. D. 1908, the court sustained the motion and dismissed the case. The order granting the new trial and dismissing the case states that it "is based upon the sole ground that the county court has no jurisdiction over the subject-matter of said action, because the amount in controversy is less than $200." This appeal was taken to reverse

the action of the court in grantng a new trial and dismissing the case.

The sole question presented by the record and in the briefs of counsel is whether the county court had jurisdiction of the amount in controversy.

It is conceded in the brief of defendant in error that jurisdiction of civil cases, where the amount involved did not exceed $1,000, was conferred on county courts by section 12 of article 7 of the state Constitution. This, of course, was subject to the exceptions contained in that section; but it is not contended that this action was within any of the exceptions. It is contended by defendant in error that their jurisdiction was restricted by the second section of the act of June 4, 1908 (section 1978 of Comp. Laws 1909; section 2 of article 1 of chapter 27 of the Laws of 1907-08) to amounts in excess of $200. So much of that section as is material to the question involved here is as follows:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount, over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive original jurisdiction in all sums in excess of two hundred dollars, and not exceeding five hundred dollars."

This section, read by itself, gives color to the contention of defendant, though no opinion is here expressed as to what would be its effect standing alone. But it must be read in connection with other parts of the same act. The first section of the same act (sec. 1977, Comp. Laws 1909; section 1, art. 1, c. 27, of the Laws of 1907-08) is as follows:

"County courts, in their respective counties, shall have such jurisdiction and exercise such powers as have been conferred upon them by the Constitution of this state, and shall have such other jurisdiction and powers as are herein conferred, or may be conferred by law."

Reading the two sections together, it is clear that the Legislature did not intend ot restrict or curtail the county court of any of the jurisdiction conferred upon it by the Constitution. The first section provides that the county courts should have

such jurisdiction as had been conferred by the Constitution, and *"such other jurisdiction and powers as are herein conferred* or may be conferred by law."

This language indicates that the subsequent portions of the act were not to be construed as restrictive, if capable of any other construction. Section 2 of the act quoted above does not expressly take away the jurisdiction of the county court over amounts of less than $200, and the first section indicates it was not the intention of the Legislature to take away any of its jurisdiction. It follows that the county court of Comanche county had jurisdiction of this action.

The case should therefore be reversed, with directions to the lower court to set aside the order granting a new trial and dismissing the case, and to reinstate the judgment rendered for plaintiff in error.

By the Court: It is so ordered.

All the Justices concur.