# FIRST NAT. BANK OF MILL CREEK v. LANGSTON.

### No. 1769.  Opinion Filed May 14, 1912.

### (124 Pac. 308.)

1. **COURTS—County Courts—Jurisdiction.** The original jurisdiction of county courts in civil cases in any amount not exceeding $1,000, conferred by section 12 of article 7 of the state Constitution, was not changed by sections 1 and 2 of the act of June 4, 1908 (Sess. Laws 1907-08, p. 284; Comp. Laws 1909, secs. 1977, 1978), so as to deprive said courts of jurisdiction where the amount involved did not exceed $200—following **Cooper v. Austin,** 30 Okla. 297, 119 Pac. 206.

2. **BANKS AND BANKING—National Banks—Usury—Action to Recover.** Petition examined and **held** sufficient as against a general demurrer.

3. **APPEAL AND ERROR — Review — Harmless Error — Variance.** Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance.

4. **SAME—National Banks—Recovery of Usury Paid.** In an action against a national bank brought under the provisions of section 5198, Revised Stats. of the U. S. (U. S. Comp. St. 1901, p. 3493), to recover the penalty therein provided for charging usurious in-

terest, where all the evidence shows that the interest was paid within two years from the time the action is commenced, it is not error to fail to instruct that the "usurious transaction" had reference to the time of actual payment of the interest from which the penalty arises, and not the time of making the usurious contract.

(Syllabus by Sharp, C.)

*Error from Johnston County Court;*
*Nick Wolfe, Judge.*

Action by W. R. Langston against the First National Bank of Mill Creek. Judgment for plaintiff, and defendant brings error. Affirmed.

*Stephen C. Treadwell* and *Horton & Smith,* for plaintiff in error.

*P. B. H. Shearer,* for defendant in error.

Opinion by SHARP, C. The first assignment of error is that the court erred in overruling defendant's motion to quash the sheriff's return of service. It is shown by the return that the summons with all indorsements thereon was delivered in person to B. H. Graves, cashier of the First National Bank of Mill Creek; the president of said bank not being found. We think this form of substituted service of summons is a sufficient compliance with section 5604, Comp. Laws 1909. The summons issued out of the county court of Johnston county directed to the sheriff of that county, and was made returnable on or before a day fixed therein, and the return, taken together with the summons of which it formed a part, showed a sufficient compliance with the statute, and that the substituted service provided for by the statute in such cases was in the particular instance fully authorized.

The second error assigned is that the county court of Johnston county was without jurisdiction; the amount in controversy being under $200. Section 12, art. 7, of the state Constitution (Williams' Ann. Const. sec. 197), confers upon the county courts in civil cases, coextensive with the county, concurrent jurisdiction with the district courts in any amount not exceeding $1,000,

exclusive of interest, except as therein otherwise provided. In *Cooper v. Austin*, 30 Okla. 297, 119 Pac. 206, this court held that the original jurisdiction of county courts in civil cases, in any amount not exceeding $1,000, conferred by section 12 of article 7 of the state Constitution, was not changed by sections 1 and 2 of the act of June 4, 1908 (Sess. Laws 1907-08, p. 284; Comp. Laws 1909, secs. 1977, 1978), so as to deprive said courts of jurisdiction where the amount involved did not exceed $200. The decision is conclusive of the question presented.

It is next urged that plaintiff's petition failed to state a cause of action and that defendant's demurrer thereto should have been sustained. It is first urged that there is no allegation of a loan by defendant to plaintiff, merely a contract for a loan, and that the petition does not otherwise state that there was a loan or forbearance of any sum of money by defendant to plaintiff. The petition is not skillfully drawn, but we think that it is good as against a general demurrer. It charges that the plaintiff and defendant entered into a corrupt agreement for the loan of $235 for a period of eleven months upon condition that plaintiff would pay for the use of said sum of money for said time the sum of $54 interest, the same being a rate of interest higher than the legal rate, and that during the month of November, 1907, plaintiff paid defendant the principal and interest in full, and that defendant knowingly and corruptly accepted, received, and reserved to its own use said $54 of usurious interest; that the highest legal rate of interest legally chargeable for the use or loan of money by agreement was ten per cent. per annum, while the amount charged plaintiff by defendant, and by it knowingly accepted, received, and reserved to its own use, was about 22 per cent. per annum, and that by reason and on account thereof defendant was justly indebted to plaintiff in twice said sum of money. While the allegations in a pleading should be positive, unequivocal, and direct, and not inferential or argumentative, at the same time, where the petition states facts sufficient, if true, to create a liability on the part of the defendant to the plaintiff, and where the petition

is attacked by a general demurrer, it is not error to overrule such demurrer. The statute requires only that the petition contain the name of the court, the county in which the action is brought, and the name of the parties plaintiff and defendant, followed by the word "petition," a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition, and the demand of the relief to which the party believes himself entitled.

As a further reason why the demurrer should have been sustained, it is said that it is not positively and directly averred that the defendant accepted usurious interest knowing that it was usurious, admitting, however, that the defendant knowingly accepted $54 of usurious interest. In *First National Bank of Mill Creek v. Ellis,* 27 Okla. 699, 114 Pac. 620, it was held that, in an action for the purpose of recovering alleged usurious interest, the petition should allege that the interest had been paid and that the taking and receiving of the same was knowingly done, and, where those averments were lacking, it was error to overrule a general demurrer thereo. There the petition nowhere alleged that the plaintiff had paid the interest which he sought to recover, neither was there any allegation that the act of contracting for the usurious interest was knowingly done. See, also, *First National Bank of Mill Creek v. Landis,* 27 Okla. 710, 113 Pac. 718. But the petition here does charge that the usurious interest was paid by plaintiff, and that defendant knowingly and corruptly accepted, received, and reserved to its own use the said $54 of usurious interest.

The authorities of our own state are in harmony with those of all of the other states with which we are familiar in the matter of what a petition in an action against a national bank to recover a penalty for money, prescribed by the national banking act, should allege. 22 Ency. Pl. & Pr. pp. 494, 495, and cases cited. There was no error in overruling the demurrer to the plaintiff's petition.

The third objection urged is on account of error in the admission of testimony. Rule 25 of this court (20 Okla. xii,

95 Pac. viii) provides that, where a party complains on account of the admission or rejection of testimony, he should set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto. While it is a general rule that no evidence is admissible except such as is warranted by the pleadings, it is equally true that variances are not considered material unless the adverse party has been misled thereby to his prejudice, and no claim is made by plaintiff in error that it was in any wise surprised or deprived of any of its substantial rights by reason of the fact that a part of the evidence offered in support of a small portion of the verdict was a variance from the allegations contained in the petition. *Love v. Kirkbride Drilling & Oil Co.* (not yet officially reported). The cashier of the defendant corporation was present with the books of the bank covering the transaction complained of. The dealings between the parties were fully inquired into, and there is in fact but a little difference between the evidence offered by the plaintiff and the bank's cashier.

The next objection is to the court's instructions. That part of the original national banking act which deals with the subject of usury and interest is now embraced in sections 5197 and 5198 of the U. S. Revised Statutes (U. S. Comp. St. 1901, p. 3493), the first one of which authorizes national banks to charge interest "at the rate allowed by the laws of the state," and, when no rate is fixed by such laws, a maximum rate of 7 per cent. The next section is as follows:

"Sec. 5198. The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back in an action, in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

Two separate and distinct classes of cases are contemplated by this section; first, those wherein usurious interest has been taken, received, reserved, or charged, in which case there shall be "a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon"; second, in case usurious interest has been paid, the person paying it may recover back twice the amount of the interest "thus paid from the association taking or receiving the same." *Haseltine v. Central National Bank,* 183 U. S. 132, 22 Sup. Ct. 49, 46 L. Ed. 119; *Talbot v. Sioux City National Bank,* 185 U. S. 182, 22 Sup. Ct. 621, 46 L. Ed. 862. We are unable to see wherein the instructions given incorrectly stated the law. The verdict of the jury was for but $98; therefore the interest which the jury found paid defendant must have been $49. Such finding was amply supported by the testimony.

While it is true that the action must be brought within two years from the time the usurious transaction occurred, meaning thereby the time at which the defendant actually paid the usurious interest, at the same time no controversy was raised, nor could have been raised, as to the period of limitation, as the suit was brought within less than eighteen months from the payment of the first interest. The fact, therefore, that the court did not define the phrase "from the time of the transaction" can be of no consequence, and could in no wise have prejudiced the rights of the defendant.

While the instructions are not as full and complete as might be desired, they are sufficient; besides, it does not appear that the plaintiff in error requested the court to instruct the jury on any given phase of the case, and it will not now be heard to complain on that ground.

We find no substantial error in the record, and the judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.