MUSSER et ux. v. BAKER, County Judge of Blaine County, et al.

No. 7484.    Opinion Filed June 6, 1916.

(158 Pac. 442.)

**COURTS—County Court—Jurisdiction.** Const. art. 7, sec. 12, and act approved March 9, 1910 (Rev. Laws 1910, sec. 1816), construed together, and **held** to vest the county court with no jurisdiction of civil cases involving $200 or less.

(Syllabus by the Court.)

Original application for writ of prohibition by O. B. Musser and wife against Ed. Baker, as County Judge of Blaine County, and another. Writ granted.

*Wm. O. Woolman* and *A. L. Bloss,* for plaintiffs.
*Foose & Brown,* for defendants.

TURNER, J. This is an original action in this court the object of which is to secure a writ of prohibition against Edward Baker, as judge of the county court of Blaine county, prohibiting him from assuming jurisdiction of the subject-matter of an action pending in that court, wherein relator O. B. Musser, on June 15, 1915, was sued for $39.09 and his property, consisting of a team of horses and a cow, attached to satisfy the debt, and which the plaintiff therein has since retained. Whether the writ should run turns upon the question of whether the court has jurisdiction of a civil case involving $200 or less. Const. art. 7, sec. 12, provides:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any

amount not exceeding one thousand dollars, exclusive of interest: Provided, * * *"

Of course "until otherwise provided by law" was a grant of power to the Legislature to thereafter increase or diminish the jurisdiction of the county court as the Legislature might see fit. Otherwise providing by law, Session Laws 1907-1908, art. 1, c. 27, p. 284 (Comp. Laws 1909, sec. 1977), provides:

"County courts in their respective counties, shall have such jurisdiction and exercise such power as has been conferred on them by the Constitution of this state, and shall have such other jurisdiction and powers as are herein conferred or may be conferred by law."

Conferring powers additional to those conferred by the Constitution, section 2 (section 1978), provides:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive * * * jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars. * * *"

*Cooper v. Austin,* 30 Okla. 297, 119 Pac. 206, was a civil action in the county court for less than $200. It was contended that, in determining the jurisdiction of the court, the latter section should be construed alone and, as so construed, to mean that the county court had no jurisdiction of civil causes involving $200 or less. Concerning which the court said:

"This section, read by itself, gives color to the contention of defendant, though no opinion is here expressed as to what would be its effect standing alone. But it

must be read in connection with other parts of the same act."

And then, construing it with the former section, further said:

"Reading the two sections together, it is clear that the Legislature did not intend to restrict or curtail the county court of any of the jurisdiction conferred upon it by the Constitution. The first section provides that the county courts should have such jurisdiction as had been conferred by the Constitution, and 'such other jurisdiction and powers as are herein conferred or may be conferred by law.' This language indicates that the subsequent portions of the act were not to be construed as restrictive, if capable of any other construction. Section 2 of the act quoted above does not expressly take away the jurisdiction of the county court over amounts of less than $200, and the first section indicates it was not the intention of the Legislature to take away any of its jurisdiction. It follows that the county court of Comanche county had jurisdiction of this action."

With this construction we have no quarrel, but, as section 1977 was omitted from the compilation of Rev. Laws 1910, and section 1978 was amended by act approved March 9, 1910 (Sess. Laws 1910, c. 40, p. 60), and, as carried into that compilation in section 1816, reads that the county court "shall have concurrent jurisdiction with the district court in civil cases in any amount over $200, and not exceeding $1,000, exclusive of interest," this is the only section with which we have to deal, construing which we are of opinion that, by omitting from the compilation section 1978, the Legislature intended to avoid the construction announced in that case, and by section 1816 emphasized the fact that it did intend to restrict the jurisdiction of the county court

conferred by the Constitution, when it said, as it did in said section, that after said amendment the county court should have concurrent jurisdiction with the district court in civil cases in any amount over $200, and not exceeding $1,000, which means that it should have concurrent jurisdiction with the district court in no amount less than $200. If it does not mean this, it means nothing; that is, it would mean no change in the constitutional provision; for, if we hold, as we are asked to do, that it did not mean to divest the county court of jurisdiction concurrent with the district court in civil causes involving $200 or less, then all the statutory provisions aforesaid would work no change in the jurisdiction of the county court as prescribed by the Constitution.

Holding as we do, and that by act approved March 9, 1910 (section 1816), the Legislature intended to work a change to the extent of divesting the county court of jurisdiction in civil cases involving amounts of $200 or less, let the writ go.

All the Justices concur.