## UNDERWOOD TYPEWRITER CO. v. MARCH.

No. 7727—Opinion Filed Oct. 17, 1916.

(160 Pac. 594.)

### Courts—County Court—Jurisdiction.

"Const. art. 7, sec. 12, and Act approved March 9, 1910 (Rev. Laws 1910, sec. 1816), construed together, and held to vest the county court with no jurisdiction of civil cases involving $200 or less." Musser v. Baker, 53 Okla. 782, 158 Pac. 442.

(Syllabus by Bleakmore, C.)

Error from County Court, Marshall County; J. I. Henshaw, Judge.

Action by George S. March against the Underwood Typewriter Company. Judgment for plaintiff, and defendant brings error. Dismissed.

Hainer, Burns & Toney, for plaintiff in error.

Geo. S. March, for defendant in error.

Opinion by BLEAKMORE, C. This case presents error from the county court of Marshall county. On January 21, 1915, George S. March, as plaintiff, commenced action in said court against the Underwood Typewriter Company, as defendant, seeking recovery in damages, in the sum of $55.50. On March 26, 1915, judgment was rendered in favor of plaintiff for that amount; to reverse which judgment defendant has prosecuted this proceeding in error upon transcript of the record.

By virtue of article 7, sec. 12, of the Constitution, providing:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding $1,000, exclusive of interest * * *"

—and the provisions of section 1816, Rev. Laws 1910, that:

"The county court * * * shall have concurrent jurisdiction with the district court in civil cases in any amount over $200 and not exceeding $1,000, exclusive of interest * * *"

—county courts of this state have no jurisdiction in civil cases involving $200, or less.

In Musser et ux. v. Ed Baker, County Judge, et al., 53 Okla. 782, 158 Pac. 442, it is held:

"Const. art. 7, sec. 12, and Act approved March 9, 1910 (Rev. Laws 1910, sec. 1816) construed together and held to vest the coun-

ty court with no jurisdiction of civil cases involving $200 or less."

The amount involved in the instant case being less than $200, the county court of Marshall county was without jurisdiction to entertain the case and render therein the judgment here sought to be reversed and this court is also without jurisdiction to consider or review the errors assigned.

The case is therefore dismissed.

By the Court: It is so ordered.