### APACHE STATE BANK v. VOIGHT.

No. 8228—Opinion Filed Nov. 14, 1916

(161 Pac. 214.)

**1. Courts—"Jurisdiction"—Nature of Jurisdiction.**

"Jurisdiction" is the power of courts and judicial officers to take cognizance of and to hear and determine the subject-matter in controversy between parties to a proceeding pending, and to adjust or exercise judicial power over them.

**2. Same—Raising of Question.**

The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction. whether raised

by any party or not, and sua sponte to determine its own jurisdiction.

(Syllabus by Edwards, C.)

Error from County Court, Caddo County; C. R. Johnston, Judge.

Action by the Apache State Bank against William Voight. There was a judgment for defendant, and plaintiff brings error. Reversed, with directions.

A. J. Morris, for plaintiff in error.

Bristow & McFayden and C. H. Carswell, for defendant in error.

Opinion by EDWARDS, C. This action was instituted by the plaintiff in error, plaintiff below, in the county court of Caddo county, on August 8, 1914, to recover judgment upon a promissory note in the sum of $150, with interest at 10 per cent. from June 10, 1914, and $15 attorney's fees. The defendant, for answer, admitted the execution of the note, but set up as a defense certain alleged fraudulent representations by which the note was procured. Upon the issue framed a trial was had to a jury, and a verdict and judgment in favor of the defendant in error, defendant below. Within due time the cause was appealed to this court.

Section 12, art. 7, of the Constitution of this state confers upon county courts certain jurisdiction until otherwise provided by law, and section 1816 of the Revised Laws of 1910 provides:

"The county court · * * * shall have concurrent jurisdiction with the district court in civil cases in any amount over two hundred dollars and not exceeding one thousand dollars, exclusive of interest. * * *"

Construing this provision of the Constitution and section 1816, supra, together, it is evident that county courts of this state have no jurisdiction in civil cases involving $200 or less. Musser et ux. v. Baker et al., 53 Okla. 782, 158 Pac. 442; Model Clothing Co. v. First National Bank, 61 Oklahoma, 160 Pac. 450; Underwood Typewriter Co. v. March, 61 Oklahoma, 160 Pac. 594.

The case in the lower court seems to have been tried without the question of jurisdiction of the county court having been raised, and the question is not raised by the parties in this court, but since the question of jurisdiction is primary and fundamental in every case, it cannot be waived by the parties or overlooked by the court. It is the duty of this court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine whether or not it has jurisdiction.

The case is therefore reversed and remanded, with instructions to the lower court to dismiss the action for want of jurisdiction.

By the Court: It is so ordered.