**OSAGE OIL & REFINING CO. et al. v. INTERSTATE PIPE CO.**

No. 16737—Opinion Filed Nov. 9, 1926.

Rehearing Denied Feb. 22, 1927.

**1. Corporations — Foreign Corporations — Transitory Actions — Venue — Service —Jurisdiction.**

Foreign corporations may be sued in the courts of this state on transitory causes of action in any county of the state in which venue of the action is lodged by Comp. Stat. 1921, sec. 205, and jurisdiction of the person may be obtained in any of the modes authorized by section 243, Id.

**2. Same—Special Legislative Acts—Limitations on Jurisdiction.**

Under the provisions of article 1, ch. 10, S. L. 1909 (Comp. Stat. 1921, secs. 5432-5438), only residents or citizens of the state may maintain actions in the courts of the state against foreign corporations authorized to transact business in the state, where substituted service on the Secretary of State is relied on to give jurisdiction of the person, and such action must be one growing out of a transaction with such corporation within the state, and must be brought in the county of the state in which the cause of action arose.

**3. Same.**

Under the provisions of chapter 26, S. L. 1910-11 (Comp. Stat. 1921, secs. 5441-5444), any person, whether resident or citizen of the state or not, having a cause of action against a foreign corporation which is doing business in the state without license or authority so to do, and without having an agent in the state upon whom service may be had, may commence an action against such corporation in any county of the state, regardless of whether the cause of action arose in that county, and service of process in such an action upon the Secretary of State confers jurisdiction of the person.

**4. Same.**

These two special acts are cumulative and independent of each other, and the provisions of one are not applicable to causes of action arising under the other.

**5. Same.**

Where a special legislative act exists providing exceptional methods for service against foreign corporations, limiting the classes of such corporations which shall be amenable thereto, limiting the classes of persons entitled to its benefits and expressly fixing venue in those classes of actions, a court of general jurisdiction which assumes to proceed under such special act is a court of limited jurisdiction for the purpose of that proceeding and its power to adjudicate therein must appear from the terms of the act.

**6. Action—Nature of Action Dependent on Relief Sought—Mortgage Foreclosure as Personal Action to Recover Money Where Jurisdiction Invoked by Garnishment and Attachment.**

Where action is commenced to recover a money judgment upon a promissory note and to foreclose a mortgage securing the same,

and in such action the jurisdiction of the court is invoked in ancillary proceedings by garnishment and by attachment, which can only be done in actions for the recovery of money (Comp. Stat. 1921, secs. 340, 354), such action is primarily a personal action for the recovery of money and not one in rem for foreclosure of mortgage.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Proceeding by the Osage Oil & Refining Company and J. E. Whitehead to vacate a judgment entered in the District Court of Osage County July 8, 1924, in favor of Interstate Pipe Company. Petition to vacate denied, and petitioners bring error. Reversed.

On July 19, 1923, the Interstate Pipe Company filed its petition in the district court of Osage county against the Osage Oil & Refining Company and J. E. Whitehead, as defendants, to recover upon a certain promissory note in the sum of $16,140.39 and to foreclose a mortgage securing the same. J. E. Whitehead was indorser on this note. and on the same day that the petition was filed plaintiff filed its affidavit for attachment against certain real estate belonging to J. E. Whitehead and situated in several different counties in the state. Service was had upon the Osage Oil & Refining Company by delivering a copy of the summons to R. A. Sneed, Secretary of State. Orders of attachment were issued to the various counties where it was shown the real estate of J. E. Whitehead was located and such orders were levied upon real estate in these different counties. Service was made upon J. E. Whitehead by publication. Defendants entered their special appearance and filed motions to quash the summons and service thereof, which motions were by the court overruled November 5, 1923. Thereupon defendants filed their demurrer to the petition of plaintiff, which was by the court overruled January 7, 1924. Thereafter and on February 5, 1924, defendants filed their answer to the petition of plaintiff, in which they specifically reserved their objections to the summons and service thereof and again questioned the jurisdiction of the court over the persons of the defendants. Upon the merits defendants answered, pleading, first, that the contract sued on by plaintiff was ultra vires; and, second, that there was a partial failure of consideration for the note sued on by reason of certain errors and overcharges made by the plaintiff against the defendants and which had been

discovered since the execution of said note. Reply was filed to this answer April 7, 1924, which was merely a general denial. The case was set for trial thereafter for July 8, 1924, at a nonjury term of said court. Defendants were not advised of the setting of this case upon the nonjury docket and at a nonjury term of the court and failed to appear when the case was called for trial July 8, 1924. Thereupon plaintiff announced ready for trial, waived a jury, and recovered judgment for the amount of the note with interest and $1,600 as attorney's fees, for a foreclosure of its mortgage and sustaining the various attachments issued in the case. On November 12, 1924, defendants filed their joint petition to vacate the judgment of July 8, 1924, and after answer and reply had been filed the cause was tried on this petition to vacate March 4, 1925. At the conclusion of the hearing the trial court denied and overruled the petition to vacate and denied and overruled objections to confirmation of sale theretofore made under the judgment of July 8, 1924, and from the judgment entered in conformity to these orders and rulings of the court the Osage Oil & Refining Company and J. E. Whitehead have brought the case to this court for review by petition in error with case-made attached.

C. H. Davis and J. E. Whitehead, for plaintiffs in error.

Rowland & Talbott, for defendant in error.

Opinion by LOGSDON, C. Numerous errors are assigned by defendants in their petition in error, not all of which are necessary to be considered in the disposition of this proceeding. The first, second, and sixth assignments of error present the question of the validity of the judgment on the note and of the decree of foreclosure, based on the substituted service on the Secretary of State, and will be considered together as presenting the first proposition.

In the presentation of the legal question involved under these assignments it is first contended by defendants that the provisions of Comp. Stat. 1921, secs. 5436 and 5442, in so far as they attempt to bind foreign corporations by service of summons upon the Secretary of State, are unconstitutional and void because the Secretary of State is not required to notify corporations thus served of the pendency of the action. In the view taken of the instant case by this court it is not essential to the decision of the case that the constitutionality of these statutory provisions be determined. This contention may, therefore, be disposed of in the lan-

guage of the sixth paragraph of the syllabus to the case of Kelly v. Roetzel, 64 Okla. 36, 165 Pac. 1150, wherein this court said:

"The Supreme Court will not pass upon the constitutionality of an act of the Legislature until there is presented a proper case in which it is made to appear that the person complaining has, by reason thereof, been or is about to be deprived of some right or privilege to which he was lawfully entitled, or who is about to be subjected to some of its burdens and penalties."

The contention of defendants which is considered to be determinative of the proposition now under consideration is that since both plaintiff and defendant Osage Oil & Refining Company are foreign corporations, plaintiff may not legally invoke the jurisdiction of the courts of this state in an action against defendant upon a liability which arose and accrued in another state, except as specifically authorized by law.

In plaintiff's petition it is alleged that plaintiff is a corporation of Pittsburgh, Pa. and that defendant Osage Oil & Refining Company is a corporation organized under the laws of South Dakota. It is alleged that the note sued on is an Oklahoma contract, and there is exhibited a copy of a note bearing an Oklahoma City date line. But this is only prima facie evidence thereof (Comp. Stat. 1921, sec. 7681), while it is further expressly alleged in plaintiff's petition:

"That at the same time and place and as a part and parcel of the same transaction and a part and parcel of the same contract, and for the purpose of securing the payment of said promissory note and interest, the said defendant, the Osage Oil & Refining Company, made, executed and delivered unto the said plaintiff its certain mortgage in writing," etc.

An examination of the exhibit of the mortgage attached to plaintiff's petition discloses that it was acknowledged before a notary public of Tarrant county, Tex., on the day it bears date. It thus appears from the face of plaintiff's petition that if the note and mortgage were contemporaneously executed, as is expressly alleged, the note was executed in Texas and not in Oklahoma. The president of the defendant corporation testified upon the hearing of the instant proceeding that the note was in fact executed in Texas, and this testimony is in no way contradicted, but is fully corroborated by the allegations and exhibits of plaintiff. It is further disclosed by plaintiff's petition that the note sued on was payable at the Colonial Trust Company, Pittsburgh, Pa. It is there-

fore clearly evident that the note sued on is not an Oklahoma contract, being neither executed nor performable within the state.

Plaintiff, in effect, concedes that the provisions of section 5436, Id., are only available for the benefit of residents and citizens of the state, as it is so expressly therein stated, but insists that it relies upon the provisions of section 5442, Id., which contains no such limitation in its language and is therefore available alike to citizens and noncitizens of the state. The trouble with this contention is that it overlooks the facts shown in the amended return of summons on which plaintiff also relies. This amended return shows affirmatively that defendant corporation had complied with the requirements of Comp. Stat. 1921, secs. 5432, 5433, and 5434, because it shows that it had appointed a resident agent for service of process. This can only be done after the other requirements of these sections have been performed. These three sections were originally section 1 of art. 1, ch. 10, S. L. 1909, and this original act shows clearly that compliance with the other requirements is a prerequisite to the appointment of a resident agent. True, the amended return shows that the resident agent had removed from the state subsequent to his appointment, but this cannot militate against the fact that the record shows a compliance by defendant corporation with all the requirements of sections 5432, 5433, and 5434, supra.

Section 5442, Id., relied on by plaintiff, was originally section 2 of ch. 26, S. L. 1910-11, and by section 4 of that act is declared to be merely cumulative of previous enactments and not intended to repeal any of them. Section 5442, by its express language, applies only to foreign corporations doing business in the state which have failed to comply with the requirements of sections 5432, 5433, and 5434, and gives to any person having a cause of action against this kind of foreign corporation the right to bring suit in any county of the state and to obtain service on the Secretary of State. Such is not the case here presented, and section 5442, Id., has no application in determining the validity of the process and return here involved.

That section 5436, Id., has application only to causes of action against foreign corporations where the cause of action arose within the state is clearly evident from the language of section 1 of the original act, of which section 5436, Id., was section 3. That portion of said section 1 material to be con-

sidered here is now section 5433, Comp. Stat. 1921, and reads:

"Every foreign corporation shall, before it shall be authorized or permitted to transact business in this state or continue business therein, if already established, by its certificate under the hand of the president and seal of the company, appoint an agent who shall be a citizen of the state and reside at the state capital, upon whom service of process may be made in any action in which said corporation shall be a party; **and action may be brought in any county in which the cause of action arose,** as now provided by law. Service upon said agent shall be taken and held as due service upon said corporation; and such certificate shall also state the principal place of business of such corporation in this state, with the address of the resident agent."

Since section 1 of art. 1, ch. 10, S. L. 1909 (sec. 5433, supra), only had in contemplation and only purported to fix venue of actions arising within the state against foreign corporations, it must follow logically and as a necessary corollary that in providing in section 3 of that act how service of process might be obtained such provisions for service had reference only to the character of actions authorized by section 1. Section 3 of that act is now section 5436, Comp. Stat. 1921, and reads:

"In all cases where a cause of action shall accrue **to a resident or citizen of the state of Oklahoma,** by reason of any contract with a foreign corporation doing business in this state, or where any liability on the part of such foreign corporation shall accrue in favor of **any citizen or resident of this state,** whether in tort or otherwise, and such foreign corporation has not designated an agent in this state upon whom process may be served or has not an officer continuously residing in this state, upon whom summons or other process may be served so as to authorize a personal judgment, service of summons or other process may be had upon the Secretary of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state **having jurisdiction of the subject-matter,** whether sitting in the county where the Secretary of State is served or elsewhere in the state."

This language clearly and unequivocally limits the benefits of the substituted service therein authorized to "a resident or citizen of the state of Oklahoma." The language, "In all cases where a cause of action shall accrue * * * by reason of any contract with a foreign corporation doing business in this state," coupled with the language of section 5433 that "action may be brought in any county in which the cause of action arose," both sections being parts of the same legislative act, demonstrates clearly that the character of actions contemplated by the Legislature were those only which might arise in some county of the state growing out of a contract between a resident or citizen and a foreign corporation doing business in the state, such contract being entered into and being performable in some county of this state. This language does not purport to, nor is it susceptible of, a construction which would confer jurisdiction on the courts of this state to determine causes of action against foreign corporations which arose wholly without the state and on substituted service. Such purported authority to the courts would be clearly unconstitutional as being a denial of due process, and all proceedings pursuant thereto would be absolutely void.

In the case of Simon v. Southern R. Co., 236 U. S. 115, the Supreme Court had under consideration a statute of Louisiana very similar in its provisions to section 5436, supra. In that case the plaintiff had sued in the district court of the parish of Orleans on a cause of action which arose in Alabama against the Southern Railway Company, a Virginia corporation. Service was had, as in the instant case, upon the Secretary of State. In determining the service void and the judgment based thereon a nullity, the Supreme Court, speaking through Mr. Justice Lamar, said:

"Subject to exceptions, not material here, every state has the undoubted right to provide for service of process upon any foreign corporations doing business therein, to require such companies to name agents upon whom service may be made; and also to provide that in case of the company's failure to appoint such agent, service, in proper cases, may be made upon an officer designated by law. Mutual Reserve Fund Life Ass'n v. Phelps, 190 U. S. 147, 47 L. Ed. 987, 23 Sup. Ct. Rep 707; Connecticut Mt. L. Ins. Co. v. Spratley, 172 U. S. 603. 43 L. Ed. 569, 19 Sup. Ct. Rep. 308. But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extra-territorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the im-

portance of the principle laid down in Old Wayne Mut. Life Ass'n v. McDonough, 204 U. S. 22, 51 L. Ed. 351, 27 Sup. Ct. Rep. 236, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states."

Plaintiff contends in its brief that this is an action of foreclosure rightfully brought in Osage county, where the mortgaged property is located. This would be true if it were primarily a foreclosure action and if the proceeding had been commenced under section 199 or under section 205, Comp. Stat. 1921, and if service had been obtained under section 243, Id. These are general statutes and apply to venue and service in actions against all classes of corporations. But plaintiff did not elect to proceed under these general statutes. On the contrary, it chose to proceed under a special act of the Legislature relating solely to foreign corporations, licensed to do business in the state, which act fixes the venue in the county where the cause of action arose, and which provides for substituted service on the Secretary of State in that character of action only.

But the record of this proceeding discloses that this was not primarily a foreclosure action. It was an action upon the contract represented by the note brought primarily to recover a personal money judgment so as to give support to, and confer jurisdiction of, ancillary proceedings by garnishment and by attachment. A foreclosure proceeding would not have conferred this ancillary jurisdiction. (Com.) Stat. 1921, sec. 344, 354.) Only by the ancillary attachment proceeding could plaintiff bring defendant, Whitehead, within the jurisdiction of that court, he being a nonresident of the state. A garnishment affidavit against the Prairie Oil & Gas Company and an attachment affidavit against J. E. Whitehead were prepared simultaneously with the original petition, and the three instruments were verified on the same day before the same officer. Both affidavits were filed and process issued on them. It is clear, therefore, that the action was upon the contract as represented by the note and for recovery of a personal money judgment. Wallace v. Duke, 44 Okla. 124, 142 Pac. 308; Graham v. Schooler, 80 Okla. 124, 194 Pac. 1080.

It must be concluded, therefore, upon the first proposition presented that the cause of action stated in plaintiff's petition was not one which arose in Osage county, or in the state of Oklahoma, and that by virtue of the provisions of sections 1 and 3, art. 1, ch. 10, S. L. 1909 (Comp. Stat. 1921, secs. 5433 and 5436), venue of the action was not lodged in the district court of Osage county, and that court acquired no jurisdiction to hear and determine the same through service of summons on the Secretary of State. This being determined, it must follow that the judgment of that court of July 8, 1924, and all other proceedings incident thereto and dependent thereon, are absolutely void unless plaintiff's contention that want of jurisdiction has been cured by general appearance can be sustained.

Defendants appeared specially and filed their motion to quash service of summons, which motion was by the court overruled and exceptions reserved. Defendants then filed general and special demurrers to plaintiff's petition in which it was specifically charged that the facts stated in the petition did not entitle plaintiff to recover in that court a personal judgment against the defendant corporation, and did not entitle plaintiff to recover in that court a personal judgment against J. E. Whitehead. Personal judgment against Whitehead was essential to sustain the attachments against his property. This demurrer was overruled and exceptions reserved. Defendants then filed their answer, the first paragraph of which reads:

"That this court has no jurisdiction over the persons of these defendants, and this answer is filed under protest and without submitting to the jurisdiction of this court."

The answer then avers that the note sued on was executed in payment for pipe and material sold to defendant corporation by plaintiff corporation in Pittsburgh, Pa., said pipe and material being delivered to defendant f. o. b. cars at Pittsburgh, Pa., and that there was a partial failure of consideration in that the amount of said note was far in excess of the contract price for the pipe and material actually delivered f. o. b., and that such partial failure of consideration was due either to mistake or fraud on the part of plaintiff. That paragraph of the answer relied on by plaintiff as constituting a waiver of jurisdiction and an entry of general appearance by the Osage Oil & Refining Company reads:

"That the defendant, J. E. Whitehead, joined in this answer with the defendant, the Osage Oil & Refining Company, but further pleads that he is a surety only, upon the said note, and that in the event judgment is rendered against him in this action that he have judgment over and against his codefendant, the Osage Oil & Refining Company, for a like amount and that he be subrogated to all the security held by his codefendant, the Osage Oil & Refining Company."

Nothing in the language of this paragraph can by the most latitudinous and inclusive construction be interpreted to ask affirmative relief in behalf of the Osage Oil & Refining Company. It is a separate and distinct prayer for relief by J. E. Whitehead and against his corporate codefendant. But granting plaintiff's contention, for the purpose of this discussion only, its utmost legal effect would be the entry of a personal appearance, and this would be wholly ineffectual to confer venue and jurisdiction of the subject-matter of the action which had been denied to the district court of Osage county by the special act of the Legislature under which plaintiff elected to proceed, and which venue and jurisdiction was objected to by defendants at every stage of the proceeding. It is a general rule of law that when a court of general jurisdiction proceeds under a special statute it is a court of limited jurisdiction for the purpose of that proceeding, and its jurisdiction must affirmatively appear. In 7 R. C. L. 997, it is said:

"Where power is given to a court over special matter which is not in the usual course of the common law, and a mode for the exercise of such power is prescribed, such mode must be pursued, whether the tribunal be superior or inferior, and enough must appear on the face of the record to show the case to be within the reach or jurisdiction of the tribunal."

In the case of Reeves v. Conger et al. (Ark.) 147 S. W. 438, the rule is stated in the third paragraph of the syllabus thus:

"Where jurisdiction is conferred on a court by special statute, to be exercised in a special manner, the statute must be strictly pursued, and the record must show the facts essential to give the court jurisdiction, no presumption of jurisdiction being indulged."

See, also, Hill & Jahns v. Lofton (Tex.) 165 S. W. 67; Cobe v. Guyer (Ill.) 86 N. E. 1071; Norman v. Pennsylvania Fire Ins. Co. (Mo.) 141 S. W. 618.

Jurisdiction of the subject-matter of an action cannot be conferred on any court by waiver or consent, but must be found in the law under which the action proceeds. Beach v. Beach, 4 Okla. 359, 46 Pac. 514; Hobbs v. German-American Doctors, 14 Okla. 236, 78 Pac. 356; Maer Mfg. Co. v. Cox, 21 Okla. 846, 97 Pac. 649; Model Clothing Co. v. First Nat. Bank of Cushing, 61 Okla. 88, 160 Pac. 450; Apache State Bank v. Voight, 61 Okla. 253, 161 Pac. 214; In re Estate of Harkness, 83 Okla. 107, 204 Pac. 911. In the last cited case, paragraph 9 of the syllabus reads:

"Jurisdiction means authority over the matter to be determined; it means power to hear, to determine, and to enforce judgment. The extent of jurisdiction of state courts is ascertained from two sources. namely, from the power conferred by express or implied provisions of state law and by express or implied limitations of federal law."

Since by the express and implied provisions of article 1, ch. 10, S. L. 1909, non-residents of this state are unauthorized to invoke the jurisdiction of its courts against foreign corporations on causes of action arising without the state, when the character of service relied on is substituted service on the Secretary of State, and since the limitations of federal law preclude the taking of property without due process, it is clear that the district court of Osage county never acquired jurisdiction of the subject-matter of this action nor of the persons of the defendants.

However, plaintiff asserts in its brief, in contradiction of the allegation in its petition, that it is an Oklahoma corporation. If this be true, it would unquestionably be entitled to the benefits of the 1909 Act, but in claiming its benefits it must likewise assume its burdens. One of these burdens is that it must bring its suit in that county of the state in which the cause of action arose. This it clearly did not and could not do, because its cause of action arose without the state. Prima facie, the note evidencing the contract was executed in Oklahoma county, but its breach occurred at the office of the Colonial Trust Company, in Pittsburgh, Pa.. and the cause of action then and there arose. These infirmities of jurisdiction are inherent throughout the proceedings and appear on the face of the record. In the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, this court announced the rule that "a judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll." and in this situation stands the judgment of July 8, 1924, in the instant case.

The trial court, therefore, committed reversible error in denying the petition of defendants to vacate said void judgment, and in entering its order, over the objections of defendants, confirming the sale made thereunder, and in rendering its judgment of March 4, 1925, based upon such erroneous orders. This conclusion renders it unnecessary to consider the other assignments of error.

For the reasons herein stated, the judgment of the district court of Osage county of March 4, 1925, is vacated, and the cause

is remanded, with directions to the trial court to enter proper orders vacating its judgment of July 8, 1924, and its order of March 4, 1925, confirming the sale made thereunder, and that any further proceedings taken or prosecuted in this cause be in conformity to the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. .p. 1404, §4127. (2) 14a C. J. 1401, §4121 (Anno); p. 1414, §4139. (3) 14a C. J. 1491. §4121 (Anno); p. 1414, §4139. (4) 14a C. J. 1414. §4139. (5) 14a C. J. p. 1389, §4103 (Anno). (6) 1 C. J. p. 1042, §171; 6 C. J. p. 75, §102; 28 C. J. p. 31, §25.